The Honorable David PEEPLES,
District Judge, et al., Relators,

v.

The HONORABLE FOURTH SUPREME
JUDICIAL DISTRICT, Respondents.

No. C-4010.

Supreme Court of Texas.

Oct. 16, 1985.

David Peeples, Judge, K. Key Hoff-
man, Jr., Robert L. Scott, Tinsman & Hous-
er, San Antonio, for relators.

Stewart J. Alexander, Bayne, Snell &
Krause, Andrew Cline, San Antonio, for
respondents.

WALLACE, Justice.

The motion for rehearing is overruled;
the opinion dated July 3, 1985, is with-
drawn and the following opinion is substi-
tuted therefor.

This is an original mandamus action.
Relators are Judge David Peeples, Judge

of the 225th District Court in which the underlying cause of action is pending and Karen L. Harrell, defendant in that cause. They petition this court to order the Court of Appeals for the Fourth Supreme Judicial District to withdraw its order directing Judge Peeples to conduct an in camera inspection of certain records. Respondents are Dianne Carnes and San Antonio Models, Inc. Respondents contest Judge Peeples' standing in this proceeding. That question is moot since Harrell, the defendant in the underlying cause, has also filed a petition for writ of mandamus. We conditionally grant both petitions for writ of mandamus.

In the underlying cause, Respondent, Dianne Carnes, sued Karen Harrell seeking cancellation of a transfer from Carnes to Harrell of 1,000 shares of stock in San Antonio Models, Inc. Harrell answered by way of a general denial and filed a notice of intention to take the deposition of Carnes. The notice was directed to Carnes as president of San Antonio Models, Inc. and was served on Carnes' attorney. Attached to the notice was a subpoena *duces tecum* requesting in part the production of the following items for the period of time from March 1, 1984 to the date of the notice: bank accounts, statements, check registers, cancelled checks, check stubs, deposit and withdrawal slips, transfer orders, books of account, records of every kind and character; all correspondence, notes, memoranda, and all documents of any kind or character relating to revenues of San Antonio Models, Inc; all correspondence, notes, memoranda and documents of any kind relating to time, monies and other assets expended or contributed to Carnes, Harrell or Norma G. Klomann.

Carnes filed a motion to quash this notice of deposition. Before a hearing on that motion, Carnes also filed a motion for protective orders, alleging the documents sought were not relevant to the subject matter of the case; did not relate to any claims or defenses involved in the case; and, were not reasonably calculated to lead to the discovery of admissible evidence. By order of December 4, 1984, Judge Caro-

lyn Spears denied the motion for protective orders and ordered Carnes to appear, be deposed and produce the requested documents on December 18, 1984.

On December 13, 1984, San Antonio Models, Inc., filed a motion for protective orders alleging: the material requested was not material to any issues in the case; was not reasonably calculated to lead to discovery of admissible evidence; and, disclosure of the requested items would constitute an unreasonable invasion of the corporation's personal, constitutional and property rights.

Subsequent to a hearing on the motion of San Antonio Models, Inc. held December 17, 1984, Judge Peeples denied the motion for protective orders requested by both Carnes and San Antonio Models, Inc. All parties agree that neither Carnes nor San Antonio Models, Inc. tendered to the court, either for in camera inspection or otherwise, the documents sought to be protected. Counsel for San Antonio Models, Inc. contends that he orally requested that Judge Peeples conduct an in camera inspection of the documents. Both Judge Peeples and Harrell's attorney deny that any such request was made; further, there is no indication in the record of any such request.

Carnes and San Antonio Models, Inc. filed a petition for writ of mandamus in the Fourth Court of Appeals. In response thereto, that court held that Judge Peeples had abused his discretion in ordering production of the materials sought for discovery without first conducting an in camera inspection to determine if any of the materials were either privileged or not relevant to the issues of the case.

As authority for its decision, the court of appeals cited *Maresca v. Marks*, 362 S.W.2d 299 (Tex.1962); *Crane v. Tunks*, 160 Tex. 182, 328 S.W.2d 434 (1959); and *Narro Warehouse, Inc. v. Kelly*, 530 S.W.2d 146, 150 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n.r.e.). Those cases are distinguishable in that each dealt with income tax returns, whereas the present

case deals with financial records of a corporation for approximately a nine month period. Also, in the cases cited by the court of appeals, the records in question were tendered to the court and an *in camera* inspection of the documents by the trial court was requested.

 Respondents cite TEX.R.CIV.P. 166b(4) as authority for the proposition that before signing an order denying a motion for protective order, a trial judge has an affirmative duty, on his own initiative, to make an examination of the documents or records for which discovery is sought and to ascertain whether there is irrelevant, immaterial or privileged matters contained within the records or documents. Respondents misconstrue Rule 166b(4) by overlooking the fact that privilege is an exception to the general rule that evidence is admissible and discoverable under our rules of procedure. Any party who seeks to deny the production of evidence must claim a specific privilege against such production. The burden is on the party asserting a privilege from discovery to produce evidence concerning the applicability of a particular privilege. *C.G. Giffin v. The Honorable R.L. Smith,* 688 S.W.2d 112 (Tex.1985). *See* TEX.R.EVID. 501 (1983) and TEX.R.EVID. 503 (1984).

We hold that any party who seeks to exclude documents, records or other matters from the discovery process has the affirmative duty to specifically plead the particular privilege or immunity claimed and to request a hearing on his motion. The trial court should then determine whether an in camera inspection is necessary. If such inspection is ordered by the trial court, those materials for which the inspection is sought must be segregated and produced to the court. Failure to follow the above procedure constitutes a waiver of any complaint of the trial court's action.

In ruling upon the motion for protective orders Judge Peeples applied his interpretation of the law to the facts before him and ruled accordingly. We hold that his action was not an abuse of discretion. For this reason the court of appeals was without jurisdiction to issue the writ of mandamus.

Therefore, we conditionally grant both petitions for writ of mandamus. Pursuant to this opinion, it is within Judge Peeples' discretion to require Carnes and San Antonio Models, Inc., to follow the procedures set forth above prior to conducting the in camera inspection ordered by the court of appeals. Writ of mandamus will issue only if the court of appeals does not vacate its order relating to the production of the documents for which privilege was claimed.