Mark **TAYLOR** and Terri
Taylor, Appellants,

v.

Peggy **TAYLOR**, et al., Appellees.

No. 07–87–0039–CV.

Court of Appeals of Texas,
Amarillo.

March 15, 1988.

Rehearing Denied April 11, 1988.

Gary C. Riley, Odessa, for appellants.

J.R. Lovell, Lovell & Lyle, P.C., Michael P. Metcalf, Metcalf & Minkley, P.C., Dumas, Ody K. Jerden, Kilgore, S. Cass Weiland, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellees.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

Mark Taylor and Terri Taylor bring this appeal from a take-nothing summary judgment. The judgment was rendered in their multi-cause action against Peggy Ruth Taylor, individually and as independent administratrix of the estate of Gene Sam Taylor, deceased; Gordon Taylor, d/b/a Taylor Brothers, Taylor Brothers Oil and Gas Company, and Taylor Ventures, who is now deceased; Dorothy Taylor, individually and as co-executrix of the estate of Gordon S. Taylor, deceased; Robert L. Taylor; John H. Goodwin; and Judy Mason.[1] Mark and Terri contend, with the first two of

---

1. The defendant-appellees filed two briefs, one     by Peggy Ruth Taylor, individually and as inde-

their three points of error, that the trial court erred in granting summary judgment because (1) depositions on file raised material issues of fact as to one or more of their asserted causes of action, and (2) there is a fundamental defect in the substance and use of requests for admissions of fact upon which the summary judgment is based. By their third point, they contend that (3) the court abused its discretion in basing summary judgment on the entire cause on the request for admissions, subsequent objections and answers. For the following reasons, the points of error will be overruled and the judgment will be affirmed.

In 1972, Gene Sam Taylor and Gordon Taylor, brothers, executed a partnership agreement. Among other things, the agreement provided that assets and liabilities would be shared equally; that the partnership would not terminate upon the death of a partner, but would continue pursuant to a buy-out provision in the partnership agreement; and that no interest in the partnership would pass by will or inheritance.

Gene Taylor died testate in February of 1981, survived by his widow, Peggy Ruth, who qualified as the independent administratrix of his estate; their adopted son, Mark; Gene's daughter from a prior marriage, Terri; and other children. After Gene's death, litigation in the nature of a will contest was initiated by Mark, and then resolved by a settlement agreement signed on 9 October 1981.

By the terms of the settlement agreement, Peggy Taylor was vested with sole authority and discretion to act in the partnership matter, subject to a nonbinding 14–day notification to the heirs prior to making a legally binding commitment. Later, on 24 October 1981, Peggy and Gordon executed a preliminary settlement agreement, which was finalized by their addendum of 15 March 1982, settling the partnership interests.

Thereafter, on 23 October 1982, Mark and Terri initiated the action underlying this appeal. The object of their live trial pleadings, expressed in their 29–page, 83–paragraph fifth amended petition filed on 3 October 1985, was the recovery of monetary damages, alleged to be the difference between what they are entitled to and what they would receive under the 24 October 1981 settlement agreement, occasioned by actionable wrongful acts resulting in the partnership settlement agreement.

Before the filing of the fifth amended petition, a number of depositions and other discovery actions had been taken. Subsequently,[2] on 28 October 1985, the Gordon Taylor estate served a request for 140 admissions on Mark, asking for, pursuant to Rule 169, Texas Rules of Civil Procedure,[3] the appropriate response on the 30th day after receipt.[4] Then, on 5 November 1985, the estate served Terri, pursuant to rule 168, with a request to answer, not less than 30 days after service, 21 interrogatories.

pendent administratrix of the estate of Gene Sam Taylor, deceased, and the other by the estate of Gordon Taylor, deceased, on behalf of the remaining defendant-appellees. For convenient simplicity, subsequent identifications of Peggy are references to Peggy Ruth Taylor in her individual and representative capacities, and identifications of the Gordon Taylor estate are references to the other defendant-appellees.

2. The brief of the Gordon Taylor estate mentions written interrogatories filed and served on Mark on 17 October 1985, which are neither referenced to nor readily located in the 1013–page transcript.

3. Unless otherwise identified, the future reference to a rule is to a Texas Rules of Civil Procedure rule.

4. The 4 April 1986 motion for summary judgment filed by the Gordon Taylor estate recites that Mark's first response to this request was a 25 November 1985 motion for protection, but the protection motion, albeit mentioned in the Gordon Taylor estate's brief, is not otherwise referenced to nor shown by the transcript. The summary judgment motion further recites, and the Gordon Taylor estate's brief notes, that at a 10 December 1985 hearing on the protection motion, the judge remarked that the motion contained only general objections and allowed Mark ten days to answer the request for admissions.

On the following December 6, Peggy directed to Mark her rule 169 request for admissions, consisting of 64 requests addressing the causes of action pleaded against her. Three days later, the Gordon Taylor estate served Terri with a rule 169 request for 170 admissions.

Mark and Terri moved on 23 December 1985 for a protective order authorized by rule 166b(4) upon the bare allegation that the request and interrogatories were designed primarily for the purposes of annoyance, expense, embarrassment, and oppression, and were wholly unnecessary. The motion was not presented to nor ruled upon by the court.

The Gordon Taylor estate filed on 6 January 1986[5] its motion for, inter alia, an order deeming admitted the matters contained in its 28 October 1985 request for admissions. The basis for the motion was the failure of Mark to answer or object to each requested admission within 30 days. Rules 169(1), 215(4)(a).

Subsequently on January 15, Mark and Terri moved for leave to amend their objections and to provide specific responses to the written discovery requests. As a part of the filing, Mark and Terri, first asserting general objections to the requests, stated Mark's objections, admissions, denials, or inability to admit or deny, to each of the 140 admissions requested by the Gordon Taylor estate on 28 October 1985, to each of the 64 admissions requested by Peggy on 6 December 1985, and Terri's objections, admissions, denials, or the inability to admit or deny, to each of the 170 admissions requested by the Gordon Taylor estate on 9 December 1985. The provided responses were tendered with the condition that should filing be permitted, the court, upon notice and hearing, permit withdrawal of specific answers or objections as the court may deem appropriate.

Afterwards, on March 5, the court, concerned with the question of abuse of the discovery process but then indisposed to apply sanctions, allowed Mark and Terri "ten days from receipt of this correspondence to complete whatever answers they have to the admissions and to make such specific objections as they may desire to make." Mark and Terri did not make any further answer or objection.

Then, on April 4, the Gordon Taylor estate moved for summary judgment. The thrust of the motion was that the admissions requested, embracing the entire claim of Mark and Terri, were admitted as a matter of law, leaving no material fact to establish each and every element of the causes of action. The motion was supported by the requests for admissions, the affidavit of an independent co-executor of the estate, and a prior court order dismissing three of the defendant-appellees from the cause. The court set a hearing on the motion for May 23, later rescheduled for June 13.

On May 19, there was filed the response of Mark and Terri to the motion for summary judgment. The response, in addition to complaints of the numerous requests for admissions and inadequate and incomplete discovery, contained allegations that the requests were answered or objected to and, alternatively, "there would exist material issues of fact in this massive litigation."

In the interim on May 12, Peggy filed a motion to have deemed admitted her 6 December 1985 request for admissions from Mark. Following that, on June 13, the Gordon Taylor estate moved the court to strike the response of Mark and Terri to its motion for summary judgment because the response was not and has not been, nor certified to be, furnished to counsel in violation of rule 72[6] and rule 73.[7]

On June 13, the court, finding that Mark's answers and objections to Peggy's

5. All dates noted hereafter, unless specified differently, are in the calendar year 1986.

6. As pertinent, rule 72 provides: "Whenever any party files, or asks leave to file any pleading, plea, or motion of any character which is not by law or by these rules required to be served upon the adverse party, he shall at the same time either deliver or mail to the adverse party or their attorney(s) of record a copy of such pleading, plea or motion. The attorney or authorized

request for admissions did not satisfy the requirements of the rule and that the request has never been properly responded to, ordered specifically numbered requests for admissions deemed admitted. The court, also finding that the response to the Gordon Taylor estate's motion for summary judgment was not served in violation of rules 72 and 73, ordered the response stricken.

On the same day, June 13, the court heard the motion for summary judgment. Considering the pleadings and the written discovery submitted, and the specified deemed admissions and the lack of a response, the court found there was an absence of a genuine issue of material fact based upon the evidence relied upon by the Gordon Taylor estate and conceded or not sufficiently controverted by Mark and Terri. Thereupon, the court rendered a take-nothing summary judgment in favor of the Gordon Taylor estate defendant-appellees.

The orders and judgment resulting from the June 13 hearing were signed on September 18 and 19. Then, on October 6, Peggy moved for summary judgment. Her motion details the manner in which the deemed admissions, embracing the entire claim of Mark and Terri, refuted the allegations of the causes of action pleaded. The motion was supported by the deemed admissions, the 9 October 1981 settlement agreement, the 24 October 1981 settlement agreement and addendum, and the affidavit of Peggy. No response was filed by Mark and Terri to the motion.

The court heard the summary judgment motion on October 31 and rendered a take-nothing summary judgment signed on November 3. The rendition was upon the court's finding of an absence of a genuine

issue of material fact as to all causes of action based upon the evidence relied upon and conceded by Mark and Terri or not sufficiently controverted by them.

The crux of the three-point challenge to the final summary judgment is that (1) depositions on file raised material issues of fact as to one or more of the asserted causes of action,[8] thereby (2) precluding summary judgment on the deemed admissions, and (3) constituting a clear abuse of discretion in basing the summary judgment on the deemed admissions. Neither the challenge nor any facet of it is well-founded on this record.

At the outset, it is noted that Mark and Terri declare the summary judgment is void on its face because the case authorities cited in, and as the basis for, the judgment are not at all consistent with the facts in this cause. Without pausing to assess the applicability of the authorities, it suffices to note that the recitation of authorities in the judgment is of no moment. The validity of the summary judgment does not rest in, nor is it controlled or qualified by, the recitals; it is only the decretal portion of the judgment that operates as an adjudication of the cause, *Harrison v. Manvel Oil Co.*, 142 Tex. 669, 180 S.W.2d 909, 917 (1944), not the reasons stated for it. *Jampole v. Touchy*, 673 S.W.2d 569, 574 (Tex.1984).

Mark and Terri point out that they filed an objection to the requests for admissions in the form of a motion for protection within 30 days; and thereafter filed, though not within 30 days, specific objections and responses to the requests. Therefore, they reason, the motion for protection or objection being timely filed, nothing was deemed.

---

representative of such attorney, shall certify to the court on the filed pleading in writing over his personal signature, that he has complied with the provisions of this rule."

**7.** As material, rule 73 provides: "If any party fails to furnish the adverse party with a copy of any pleading in accordance with the preceding rule [rule 72], the court may in its discretion, on

motion, order all or any part of such pleading stricken...."

**8.** Although not material to the decision on appeal, three of the ten depositions to which Mark and Terri refer and rely were not filed in the trial court until three months after the final summary judgment was signed.

■ Of course, Mark and Terri had the right to move, as they did, for a protective order if, as they pleaded, the discovery sought was indeed for the purposes of annoyance, expense, embarrassment, and oppression. Rule 166b(4). However, to be entitled to the protective order, Mark and Terri were obligated to request a hearing on their motion and to produce evidence supporting their claim of immunity. *Peeples v. Hon. Fourth Supreme Judicial Dist.*, 701 S.W.2d 635, 637 (Tex.1985). Mark and Terri did neither, thereby waiving any contention that their motion for a protective order, or their objections to the requests for admissions, prevented the court from deeming admitted the matters requested to be admitted. *Id.;* Tex.R.App. P. 52(a).

In this connection, Mark and Terri also point out that on March 5, well after their answers were filed, the court, apparently not knowing the answers were on file, granted them ten days to file the same. They then propose, as the proposal is understood, that by granting the summary judgment, the court reversed its March 5 order, thinking it lacked the authority to permit the late filing of the answers.

If, in fact, the court did not know of the January 15 filing by Mark and Terri when it made its March 5 ruling, then Mark and Terri failed in their burden to present their motion to the court and secure a ruling on it, thereby failing to preserve a complaint for appellate review. Tex.R.App.P. 52(a). But a more realistic appraisal of the court's March 5 communication is that, in the light of the January 6 motion by the Gordon Taylor estate for an order deeming its requests admitted and the resulting conditional response made in the January 15 filing by Mark and Terri, the court granted permission for an amended answer by Mark and Terri. Rule 215(4)(b). Mark and Terri did not affirmatively act on the grant.

■ Thereafter, the court ordered specific requests for admissions deemed admitted. Having found there was no proper response to the requests and that the answers and objections to the requests did not satisfy the requirements of the rule, the court was authorized, if not required, by the rules to deem the matters admitted. Rules 169(1), 215(4)(a). By applying the law to these facts, the trial court acted within its authority, and as a result did not clearly abuse its discretion, in deeming the matters admitted. *Peeples v. Hon. Fourth Supreme Judicial Dist., supra.* Once admitted, the matters, not being subject to contradiction by contrary summary judgment proof or other evidence, became competent summary judgment proof. Rule 166–A(c).

Mark and Terri alternatively argue that if all requests were deemed admitted, they do not embrace each cause of action asserted by them. This obtains, they present, because adequate summary judgment proof in the form of filed depositions support each theory of their asserted causes of action, or most of them. Mark and Terri misperceive the posture of the summary judgment record.

■ Both the Gordon Taylor estate and Peggy moved for summary judgment on the ground that the admissions embraced the entire claim of Mark and Terri and left no material fact to establish each element of the asserted causes of action. Each motion for summary judgment was supported by its own proof in the nature of the attached requests for admissions deemed admitted, and affidavit, and other material. By so moving, the estate and Peggy offered that the evidence in support of their motions negated the causes of action pleaded against them, which would entitle them to judgment as a matter of law. Rule 166–A(c); *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979).

The response of Mark and Terri to the motion for summary judgment filed by the Gordon Taylor estate was stricken for the violation of procedural rules. Mark and Terri do not challenge the court's authority or exercise of discretion to strike their response. Neither did they file a written answer or response to Peggy's motion for summary judgment.

Given this posture at the summary judgment hearings, the court, finding that the

evidence offered in support of the ground expressly presented in the motions for summary judgment established the movants' right to judgment as a matter of law, was authorized to render the final summary judgment. *Teer v. Duddlesten,* 664 S.W.2d 702, 703 (Tex.1984). Absent any viable, written answer or response to the summary judgment motions, Mark and Terri could only contend on appeal that the ground expressly presented to the trial court by the motions is insufficient as a matter of law to support the final summary judgment. *City of Houston v. Clear Creek Basin Authority, supra.* They have not advanced that contention by point of error or otherwise.

Instead, Mark and Terri attempt to charge the court with error in granting summary judgment on the entire cause for the reason that depositions on file raised material issues of fact as to one or more of the causes of action they asserted. The charge cannot be sustained. Aside from the fact that the deemed admissions were immune from contradiction by the depositions, if, as Mark and Terri submit, depositions on file raised material fact issues which would defeat the motions for summary judgment, it was their responsibility to present those issues to the court in a written answer or response to the motions. *Id.* It was not the trial court's obligation to search the record to ascertain if there were issues not expressly presented that would defeat the movants' right to summary judgment on the unchallenged ground and proof expressly presented. Not having done so, Mark and Terri may not now on appeal urge that factual issues shown in unpresented depositions defeat the summary judgment. *Id.* at 678–79.

Accordingly, no reason is shown by the three points of error, considered both singly and collectively, to interfere with the judgment rendered. All points are overruled.

The judgment is affirmed.