**FINA OIL AND CHEMICAL CO. F/N/A American Petrofina of Texas, Relator,**

v.

**Honorable Homer SALINAS, Judge of the 92nd District Court of Hidalgo County, Texas, Respondent.**

**No. 13–88–079–CV.**

Court of Appeals of Texas, Corpus Christi.

April 28, 1988.

Rehearing Denied May 19, 1988.

Keith C. Livesay, Neil Norquest, Ewers, Toothaker, Abbott, Talbot & Hamilton, McAllen, for relator.

John King, Law Offices of John King, Mike Mills, Clifton E. Slaten, Atlas & Hall, McAllen, Robert L. Guerra, Thornton, Summers, Biechlin & Dunham, McAllen, Paul Q. O'Leary, O'Leary, Dale & Malany, Brownsville, Marshall W. Graham, William J. McCarthy, William L. Pope, Roger W. Hughes, Adams, Graham, Jenkins, Graham & Ha᾽by, Harlingen, for respondent.

Before NYE, C.J., and KENNEDY and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

Fina Oil and Chemical Company (Fina) seeks a writ of mandamus directing Judge Homer Salinas of the 92nd District Court of Hidalgo County to set aside his order denying discovery of certain documents in the possession of Texas Employers Insurance Company (TEIA). TEIA contends the documents are privileged under the investigative and attorney-client privileges. Tex. R.Civ.P. 166b(3)(d), 166b(3)(e), and Tex.R. Evid. 503. We hold that TEIA has failed to meet its burden of establishing the privileges. We, therefore, hold that the trial court abused its discretion in denying discovery and we conditionally grant the writ.[1]

On June 24, 1987, Javier Torres filed a personal injury suit against relator and others. On August 27, relator's attorneys sent a request for written statements to TEIA's attorney. At that time TEIA was not a party to the litigation although they were the workman's compensation carrier for Javier Torres's employer. On September 8, relator filed a motion to compel TEIA to produce the documents. On November 6, an amended motion to compel was filed by relator. On November 23, a hearing was held on relator's motion to compel. At that time TEIA had not filed a response to any of relator's motions. At the hearing before the trail court, an attorney for TEIA appeared and argued that the documents sought by relator were protected from discovery by the attorney-client privilege. No evidence was offered by TEIA nor were the documents presented to the court for in-camera inspection. The trial court recessed the hearing without ruling on relator's motion and requested additional authorities from the parties. On February 2, 1988, the trial court denied relator's motion to compel production of the documents. On March 12, 1988, relator filed its petition for writ of mandamus in this Court.

This court granted leave to file the writ of mandamus and set the motion for oral argument. Apparently realizing that the trial court had erred in denying relator's motion, on March 16 TEIA sought a rehearing of the November 23 hearing on relator's motion to compel. In its motion for rehearing TEIA asserted the need for a protective order based on investigative and attorney-client privileges and accompanied the motion with affidavits of a representative of TEIA and their attorney. On March 21 a hearing was held in the trial court on TEIA's motion for rehearing and on that date relator's motion to compel was again denied and a protective order was entered protecting the documents from discovery.

■ This case presents an interesting question of whether an error by the trial court can subsequently be attempted to be cured in a second discovery proceeding. Based on the complete record we have of the November 23 first hearing on relator's motion to compel production of documents, the trial court's order of February 22, 1988, was in error.

The requisites of *Peeples v. Fourth Supreme Judicial District,* 701 S.W.2d 635 (Tex.1985) *must be* followed by the party opposing discovery. *McAllen State Bank v. Salinas,* 738 S.W.2d 381 (Tex.App.—Corpus Christi, 1987) (original proceeding); In *Peeples* the Supreme Court held that in this type of discovery process any party seeking to exclude documents or other evidence from discovery: 1) has the affirmative burden to specifically plead the particular privilege, immunity or exclusion claimed; 2) must request a hearing; and 3) must produce evidence substantiating the claim. The trial court must then determine if an in-camera inspection of the documents is necessary, and if so, make such inspection. None of the three prerequisite actions were taken by TEIA prior to or during the November 23 hearing. Therefore, the trial court's denial of the relator's motion in its February 2 order was an abuse of discretion. *Peeples* 701 S.W.2d at 637.

---

**1.** In a companion case involving essentially the same facts, we make the same holding in an unpublished opinion.

TEIA has attempted to cure these errors by its motion for rehearing before the trial court in a second hearing held on March 21. Relator argues that TEIA has *waived* its right to assert any privilege by virtue of its failure to adequately respond to the November 23, first hearing.

In *Hobson v. Moore,* 734 S.W.2d 340 (Tex.1987) our Supreme Court recognized that while a party is entitled to assert a privilege in opposition to discovery such privilege must be asserted in a timely manner or it is waived. In the *Hobson* case the real party in interest failed by six days to timely file a response to interrogatories. The Supreme Court held that by failing to timely respond, the privilege had been waived and ordered the otherwise privileged materials discovered. *See also E.F. Hutton & Company v. Youngblood,* 741 S.W.2d 363, 364 (Tex.1987).

In *Peeples,* the Supreme Court provided in no uncertain terms the procedure to be followed when discovery is resisted. Failure to follow this procedure constitutes a waiver of any complaint of the trial court's action. *Peeples,* 701 S.W.2d at 637; *see also Jordan v. Honorable Court of Appeals for the Fourth Supreme Judicial District,* 701 S.W.2d 644 (Tex.1985). In *Villarreal v. Dominguez,* 745 S.W.2d 570 (Tex.App.—Corpus Christi, 1988) (original proceeding) (not yet reported) this Court followed *Hobson* and held that a party who seeks to resist discovery under Tex.R.Civ. P. 167(2) must do so within thirty days after service or waive the privilege. The same reason as set forth in the aforementioned authorities applies to the facts of this case.

■ TEIA had more than six weeks notice of the hearing seeking to compel them to produce the documents in question. However, TEIA chose not to file a response or to in any manner claim the existence of any privilege prior to the day of the trial court hearing. Then, at the hearing TEIA came forward with *no evidence* to support its claimed privilege and produced *no documents* for in-camera inspection. Only in a belated rehearing did TEIA attempt to comply with the requisites of *Peeples.* We hold that TEIA's failure to timely respond to relator's first motion for production and to comply adequately with *Peeples* at the hearing constituted a waiver of the privileges asserted.

Normally, in a mandamus proceeding, it is incumbent upon the relator to bring forward all the elements of the record below to enable the appellate court to render a decision. *See* Tex.R.App.P. 121. In this case relator met its burden and established a *prima facie* case of abuse of discretion by the trial court. At this juncture TEIA sought to bring forward additional evidence of a change in circumstances in the trial court. While TEIA has favored this court with a verified response and certified copies of affidavits and orders, it has failed to bring forward the statement of facts from any additional hearings held below and to bring forth the documents in question for our review of the propriety of the trial court's action. *See Greenstein, Logan Co. v. Burgess Marketing, Inc.,* 744 S.W.2d 170 (Tex.App.—Waco 1987, writ denied). Absent such evidence, we are left with relator's *prima facie* case of abuse of discretion.

This Court is greatly concerned over the continuing "gamesmanship" which attorneys are using in dealing with the discovery procedures. Original proceedings filed in our Court alone have doubled this past year. Most concern discovery. Our Supreme Court in *Garcia v. Peeples,* 734 S.W.2d 343, 347 (Tex.1987) discussed this on-going problem of "gamesmanship." The Court pointed out that the continual frustration of the ultimate goal of discovery, which is to seek the truth by the adversarial approach to discovery, has created an unconscionable increase in the costs of litigation. It causes unreasonable delay in pretrial matters and has protracted the total nature of litigation. The discovery process should be simple and straightforward and not complicated by interlocutory appeals (original proceedings), rehearings before the trial court, and/or post-discovery motions. We embrace what we believe to be the current philosophy of our Supreme Court which is to allow for

the easiest and most open access to discoverable material as possible within the framework of the applicable rules of procedure.

Ethical considerations are most important in the general discovery process.[2] Justice is defeated when the lawyers' strategy is obstruction and delay. This is because the courts are reduced to impotency, and public confidence and esteem is impaired. The president of the Texas Bar Association, the Honorable Joe Nagy, in an article entitled "The Power of Professionalism" admonished the Texas lawyer to use professional courtesy. He referred all of us to the document by the Pulaski County Bar Association in Little Rock, Arkansas entitled "Code of Professional Courtesy," set out below.[3] Trial lawyers should adopt these timely procedural rules as guidelines for their trial practice. Within the bounds of the Code of Professional Responsibility, lawyers should represent their clients to the fullest extent and make an effort to assist in the orderly administration of the legal system.

The writ of mandamus is conditionally granted and will not issue if the respondent withdraws his order of March 21, 1988, in conformity with this opinion.

## OPINION ON MOTION FOR REHEARING

On April 28, 1988, this Court conditionally granted a writ of mandamus in the above cause, and on May 5, 1988, respondent and Texas Employers' Insurance Association, the real party in interest, filed a motion for rehearing. We overrule the motion for rehearing with opinion.

This Court has now been notified that Judge Salinas entered an order in conformity with this Court's order. Also, we note that Texas Employers' Insurance Association has produced the documents in question for Fina Oil & Chemical Company and did so on May 16, 1988.

Accordingly, since the parties and judge have complied with this Court's order, we are of the opinion that the matter is now moot. Therefore, it is ORDERED that no writ shall issue.

---

**2.** *E.g.,* Supreme Court of Texas, State Bar Rules art. 10, § 9 (Code of Professional Responsibility) (1986) DR 1–102(A)(5); DR 7–102(A)(1); EC 7–10, 7–37; 7–38.

**3.** The pertinent sections are set forth below:

I recognize that procedural rules are necessary as a last resort to order and decorum, therefore, if my adversary is entitled to something, it should be provided without motions, briefs, hearings, orders, and other formalities. If something is a fact, it should be stipulated in writing without requests for admission, interrogatories, witnesses, and documents. Vigorous advocacy is not inconsistent with professional courtesy. I will stay above the belt. Even though antagonism may be expected by clients, it is not part of my duty to my client. A lawyer is not called (or licensed) to be obnoxious.

Ordinarily I will not notice a deposition until an effort has been made to set it by agreement.

I recognize that adversaries should communicate to avoid litigation and remember their obligation to be courteous to each other.

I recognize that advocacy does not include harassment.

I recognize that advocacy does not include needless delay.

I will be ever mindful that any motion, trial, court appearance, deposition, pleading, or legal technicality costs someone time and money.