**LEVI STRAUSS & COMPANY, Relator,**

v.

**Honorable Jack FERGUSON, Judge, County Court at Law No. 3, El Paso County, Texas, Respondent.**

**No. 08-88-00319-CV.**

Court of Appeals of Texas, El Paso.

Dec. 7, 1988.

Dan C. Dargene, Kemp, Smith, Duncan & Hammond, El Paso, for relator.

Evelina Ortega, Caballero & Panetta, El Paso, for respondent.

Jack Ferguson, Judge, County Court at Law No. 3, El Paso, pro se.

SCHULTE, FULLER and WOODARD, JJ.

## OPINION

SCHULTE, Justice.

Relator seeks a writ of mandamus to compel the judge below to grant Relator a

---

protective order and to reconsider his order granting discovery. Relator alleges an abuse of discretion. We deny the writ.

Relator is the defendant below in the case styled Alfonso Quinonez v. Levi Strauss & Company. Plaintiff claims that Relator wrongfully discharged him after he filed a worker's compensation claim. We will hereafter refer to Mr. Quinonez by name or as Plaintiff.

For mandamus to issue, the relator must show a clear abuse of discretion. *Barker v. Dunham*, 551 S.W.2d 41 (Tex.1977). In *Peeples v. The Honorable Fourth Supreme Judicial District*, 701 S.W.2d 635 (Tex.1985), the Supreme Court, in reversing the appellate court's granting of a writ of mandamus, had this to say, in part, at 637:

> We hold that any party who seeks to exclude documents, records or other matters from the discovery process has the affirmative duty to specifically plead the particular privilege or immunity claimed and to request a hearing on his motion. The trial court should then determine whether an in camera inspection is necessary. If such inspection is ordered ... those materials ... must be ... produced to the court. Failure to follow the above procedure constitutes a waiver of any complaint of the trial court's action.

That court also emphasized that the party denying production must claim a specific privilege and has the burden to produce evidence concerning the applicability of a particular privilege. *Peeples at* 637.

Pursuant to Tex.R.Civ.P. 167, on August 23, 1988, Quinonez filed his second request for discovery seeking from Levi Strauss & Company, among other things, the following:

> (1) Any and all documents and/or records indicating the name of all individuals injured on the job and subsequently terminated or laid off for whatever reason from 1985 to present.

In response to the request, the trial court ordered on October 18, 1988, in pertinent part:

> It is therefore ORDERED that Defendant must produce to Plaintiff any and all documents and/or records indicating the name of all individuals injured on the job and subsequently terminated or laid off for whatever reason from 1985 to present, within ten (10) days of October 17, 1988.

Thereafter, on November 14, 1988, it was again necessary for the trial court to order:

> It is therefore Ordered that Defendant must immediately produce to Plaintiff any and all documents and/or records indicating the name of all individuals injured on the job at LEVI STRAUSS AND COMPANY in El Paso, El Paso County, Texas, and subsequently terminated or laid off for whatever reason from 1985 to present; and ....

In that order of November 14, 1988, in which the court again ordered production of the same records and denied the protective order, the court made certain findings and conclusions, among which, essentially, were the following:

> (1) That Plaintiff filed and mailed to Relator the second request for production on August 23, 1988;
>
> (2) That Relator filed its response on September 26, 1988;
>
> (3) That Relator's sole objection to the request in the response dealt with the identity of individuals by name;
>
> (4) That Relator gave no grounds for the objection;
>
> (5) That no motion for protective order was filed in regard thereto;
>
> (6) That at the earlier hearing of October 17, 1988:
>
> (a) Relator did not present for review the requested documents;
>
> (b) Relator presented no evidence;
>
> (c) The court found that the documents sought could lead to the discovery of relevant evidence.
>
> (7) That Relator asked for no hearing until Plaintiff filed its motion to compel;
>
> (8) That Relator intentionally failed to produce the material by October 27, 1988;
>
> (9) That Relator did not file its motions for reconsideration and protective or-

**312**

der until the time for production had expired; and

(10) That Relator waived any proper ground for protection.

■ Relator asked for no additional findings. No statement of facts from the hearing of October 17, 1988, nor from the hearing of November 11, 1988, has been provided by the Relator. We must accept as true all the court's findings. If a statement of facts has not been filed, it must be presumed that there was evidence to support the findings and the trial court's judgment. *Mays v. Pierce*, 154 Tex. 487, 281 S.W.2d 79, 81 (1955); *Vasquez v. Vasquez*, 645 S.W.2d 573, 575 (Tex.App.—El Paso 1982, writ ref'd n.r.e.).

■ As reflected by findings four and five, Relator did not specifically plead a privilege, in either his response or in his motion for protective order. Finding six discloses that at the hearing of October 17, 1988, Relator neither produced the documents for inspection nor presented any evidence to satisfy its burden and Relator sought no hearing until prompted by the motion to compel. Nor do we find anything to indicate that Relator earlier attempted to show good cause and to obtain an extension of time provided for in Tex.R. Civ.P. 167(2). It is apparent that the presentation of objections provision contained in Tex.R.Civ.P. 166b(4), was not followed. The requirements of *Peeples* hereinbefore set forth were not met.

We must concur with the trial court that Relator has waived any proper ground for protection. Nor do we find any abuse of discretion in denying reconsideration of its order.

The writ of mandamus is denied.