**SUPER SYNDICATE, LTD., Relator,**

v.

**The Honorable Felix J. SALAZAR, Jr., Respondent.**

**REPUBLIC INSURANCE COMPANY, Relator,**

v.

**The Honorable Felix J. SALAZAR, Jr., Respondent.**

Nos. C14–88–00222–CV, C14–88–00348–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 22, 1988.

Timothy D. Riley, Houston, for Super Syndicate, Ltd.

James A. Ellis, Jr., Earl F. Hale, Jr., Paula J. Miller, Dallas, for Republic Ins. Co.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

JUNELL, Justice.

In this consolidation of two original man-

damus proceedings,[1] the discoverability of an insurance investigator's claim file is at issue. Concluding that any claim of privilege to the file has been waived, we conditionally grant the writ of mandamus in the first proceeding and deny the writ in the second proceeding.

On December 31, 1984 Republic Insurance Company ("Republic") purportedly issued an insurance policy to Super Syndicate on several horses including a horse named Doc's Lynx. On March 22, 1985 Doc's Lynx became ill. At that time Robert Wells, an investigator for Livestock Adjustors, was notified of the illness by Glenn Neans who also claimed an insurable interest in the horse. On March 25, 1985 the horse died during surgery at Texas A & M University. Robert Wells conducted an investigation into the death of the horse. Super Syndicate filed a claim with Republic seeking to recover on its insurance policy. On December 12, 1985 Super Syndicate filed suit against Republic alleging breach of the duty of good-faith and fair dealing, fraud, and other causes of action arising out of the alleged denial by Republic of Super Syndicate's claim.

On September 12, 1986, after the lawsuit was filed, Super Syndicate filed a request for production, requesting, *inter alia,* that Robert Wells' investigation file be produced. Republic filed a response to request for production claiming that its investigator's claim file was privileged pursuant to Texas Rule of Civil Procedure 166b(3)(a) and (d). Republic claimed the investigation file was exempt from discovery because it was privileged attorney work product and it was a privileged communication between a party and the party's agent. Republic never requested that the trial court conduct a hearing to determine whether the investigator's file was exempt from discovery. On January 16, 1987 Super Syndicate filed a motion for sanctions against Republic claiming Republic's refusal to produce Robert Wells' investigation file constituted sanctionable conduct. Super Syndicate further requested that the court conduct a hearing on its motion for sanctions. The trial court held a hearing and, on October 20, 1987, denied discovery of the investigator's file.

■ In the first mandamus proceeding Super Syndicate claims Judge Salazar abused his discretion in denying discovery because Republic failed to seek a prompt hearing on its assertion of the privileges claimed, and Republic failed to introduce evidence of its claims of privilege. Mandamus is a proper remedy to correct a trial court's action where there has been an abuse of discretion in not permitting discovery, and there is no remedy by appeal "that is 'equally convenient, beneficial, and effective as mandamus.'" *Jampole v. Touchy,* 673 S.W.2d 569, 572–73 (Tex.1984).

■ When a party seeks to exclude documents from discovery, he must specifically plead the particular privilege claimed and request a hearing on his objections to production. *Peeples v. Hon. Fourth Supreme Judicial Dist.,* 701 S.W.2d 635, 637 (Tex.1985). The burden is on the party resisting production, not the party seeking production, to request a hearing on his objections.[2] *Peeples,* 701 S.W.2d at 637; *Nat'l Union Fire Ins. Co. v. Hoffman,* 746 S.W.2d 305, 309 (Tex.App.—Dallas 1988, original proceeding). If the party resisting production fails to request a hearing within a reasonable time after its objections have been made and after it appears the opposing party will insist on production, any claim of privilege is waived. *Nat'l Union Fire Ins. Co. v. Hoffman,* 746 S.W.2d at 309.

■ In this case, Republic never requested a hearing on its claim of privilege. The hearing was requested by Super Syndicate

---

1. *Super Syndicate, Ltd. v. The Honorable Felix J. Salazar, Jr.* will be referred to as "the first mandamus proceeding." *Republic Insurance Company v. The Honorable Felix J. Salazar, Jr.* will be referred to as "the second mandamus proceeding."

2. In Texas Rule of Civil Procedure 166b(4), effective January 1, 1988, the supreme court removed from the party resisting discovery the burden of requesting a hearing on his objections. However, at the time Judge Salazar's order was signed, the party resisting discovery carried the burden of requesting a hearing.

after it filed its motion for sanctions insisting on production of the documents. We find that Republic waived its claim that the documents were privileged by failing to request that the trial court conduct a hearing on its objections to production. Thus, Judge Salazar abused his discretion in denying discovery of the insurance investigator's files. The petition for writ of mandamus filed by Super Syndicate is conditionally granted.

The second mandamus proceeding, filed by Republic, arises out of Super Syndicate's attempt to obtain Robert Wells' investigation file after Judge Salazar's October 20, 1987 order denying discovery. On April 12, 1988 Super Syndicate served a notice of deposition and subpoena duces tecum to Republic informing Republic of its intent to take Robert Wells' deposition and requesting that he produce "[a]ll records, reports, statements, claims' files, correspondence, photographs, communications, and any other written memoranda that in any way pertains to Doc's Lynx." Republic responded with a motion for protective order claiming privilege under Rule 166b(3)(b), (c) and (d). A hearing was held before Judge Salazar on April 21, 1988 and he ordered the documents produced. The documents Judge Salazar ordered produced are identical to the documents he found privileged in the earlier proceeding.

Republic filed a petition for writ of mandamus requesting this court to order Judge Salazar to vacate his April 21, 1988 order which allowed discovery of the documents. Since we have determined that Republic waived any claim of privilege regarding the investigation file, we conclude that Judge Salazar did not abuse his discretion in ordering the production of the investigation file. The petition for writ of mandamus filed by Republic is denied.

We conditionally grant Super Syndicate's petition for writ of mandamus and deny Republic's petition for writ of mandamus. We anticipate that Judge Salazar will vacate his October 20, 1987 order denying discovery of the investigation file. Should he fail to do so, the writ of mandamus will be issued.