IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00054-CR

 

Tashawna Annette VanHardenberg,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 52nd District
Court

Coryell County, Texas

Trial Court No. FAM-07-18813

 



MEMORANDUM  Opinion



 

            Tashawana Annette
Vanhardenberg was convicted of injury to a child and was sentenced by the trial
court to 30 years in prison.  See Tex.
Penal Code Ann. § 22.04 (Vernon Supp. 2008).  Vanhardenberg filed a
notice of appeal.  Because court costs and attorney’s fees are not a part of
the sentence and because the trial court did not err in modifying its judgment
to include attorney’s fees in the judgment, the trial court’s judgment is
affirmed.

            In her first issue,
Vanhardenberg argues that the trial court’s judgment and corrected judgment
improperly included court costs and attorney’s fees because those costs and
fees were not pronounced orally with the sentence.  Vanhardenberg relies solely
on the decision of the Austin Court of Appeals in Weir v. State for her
argument.  Weir v. State, 252 S.W.3d 85 (Tex. App.—Austin 2008), rev’d
in part, 278 S.W.3d 364 (Tex. Crim. App. 2009).  However, the Court of
Criminal Appeals, after Vanhardenberg’s brief was filed with this Court,
reversed the part of the Austin Court’s decision in Weir upon which
Vanhardenberg relies and held that costs are not part of the sentence and
therefore need not be pronounced at the time the sentence is pronounced.  Weir
v. State, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009).  For the same
reasons, we hold that attorney’s fees also need not be pronounced as part of
the sentence.  See Weir, 252 S.W.3d at 88.  Accordingly,
Vanhardenberg’s first issue is overruled.

            In her second issue,
Vanhardenberg contends that the trial court erred in “correcting” the original judgment
to include attorney’s fees by entering a nunc pro tunc order because the trial
court’s oral pronouncement of sentence did not include attorney’s fees, because
a nunc pro tunc may not be used to add additional provisions, and because if
the error in the original judgment was clerical, Vanhardenberg did not have
notice and an opportunity to be heard.  

            The trial court labeled the
judgment “nunc pro tunc,” but it was not a judgment nunc pro tunc because it
did not correct a clerical, as opposed to a judicial, mistake.   See State v. Bates, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994). 
Although there are fewer types of changes that the trial court can make to a
judgment in a criminal case than in a civil case, a trial court has plenary
power over its judgment for at least 30 days after sentencing.  See McClinton
v. State, 121 S.W.3d 768, 769 n.1 (Tex. Crim. App. 2003) (Cochran, J.,
concurring).  A judgment nunc pro tunc allows a trial court to correct only
clerical mistakes in its judgment after its plenary power has expired.  See State v. Bates, 889 S.W.2d at 309; see also Ex parte Donaldson,
86 S.W.3d 231, 234 (Tex. Crim. App. 2002) (Keasler, J., concurring).  The
modified judgment in this case indicates it was signed on the same day as the
original judgment.  No provision for attorney’s fees was included in the first
judgment.  In the modified judgment, attorney’s fees were assessed against
Vanhardenberg.  And, like costs, attorney’s fees are not a part of the sentence
that is required to be pronounced orally.  See Weir v. State, 278
S.W.3d 364, 367 (Tex. Crim. App. 2009).  Accordingly, the trial court did not
err in modifying its judgment to add an assessment of attorney’s fees. 
Vanhardenberg’s second issue is overruled.

            Having overruled each of
Vanhardenberg’s issues on appeal, we affirm the trial court’s judgment.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Affirmed

Opinion
delivered and filed October 7, 2009

Do
not publish 

[CRPM]

 








 






 June 30, 1999.
IS MANDAMUS AVAILABLE?
      Mandamus will issue only to correct a clear abuse of discretion when there is no adequate
remedy at law. Able Supply Co. v. Moye, 898 S.W.2d 766, 768 (Tex. 1995); Walker v. Packer,
827 S.W.2d 833, 839-840 (Tex. 1992). We first turn to the question of whether Continental has
an adequate remedy at law to challenge the trial court’s denial of Continental’s motion to compel
the deposition and production of documents. Mandamus will not issue where there is a clear and
adequate remedy at law. Able Supply Co., 898 S.W.2d at 771. An appellate remedy is not
inadequate merely because it may involve more expense or delay than obtaining an extraordinary
writ. Id. In Walker, the Texas Supreme Court noted at least three situations exist in the
discovery context where a remedy by an appeal may be inadequate. One of these situations is
when there is a denial of discovery going to the heart of a party’s case. Walker, 827 S.W.2d at
772. 
      Continental’s position is simple. Continental contends that it is not liable if Union Pacific
Resources has already collected the amount of its claim from other carriers. Alternatively,
Continental contends that it is entitled to an off-set for the amount received from other carriers. 
Continental thus contends that it needs the discovery requested to show that it is not liable, or in
the event that it is found liable after other coverage issues have been resolved, the amount of the
off-set to which it is entitled. The discovery Continental has been denied goes to the very heart
of Continental’s case. Mandamus is available to Continental if the trial court abused its discretion
in failing to order this discovery.
DID THE TRIAL COURT ABUSE ITS DISCRETION?
      Since the Texas Supreme Court’s ruling in Peeples v. Honorable Fourth Supreme Judicial
District in 1985, there has been little doubt that the burden of proof to protect information sought
in discovery is on the party refusing to disclose it. As the Court stated:
We hold that any party who seeks to exclude documents, records or other matters from
the discovery process has the affirmative duty to specifically plead the particular privilege
or immunity claimed...

Peeples v. Honorable Fourth Supreme Judicial District, 701 S.W.2d 635, 637 (Tex. 1985). There
is an exception to this general rule known as the “apex” deposition doctrine.


 Simon v. Bridewell,
950 S.W.2d 439, 442 (Tex. App.—Waco 1997, orig. proceeding). Only when attempting to take
an apex deposition does the burden to show relevance (and particularized knowledge) shift to the
party seeking the discovery. Id. Continental’s motion to compel does not involve this exception. 
The trial court mistakenly placed the burden of proof on Continental, the party seeking discovery,
rather than on Union Pacific Resources, the party resisting discovery. See Oyster Creek Fin. v.
Richwood Inv., II, 957 S.W.2d 640, 647 (Tex. App.—Amarillo 1997, pet. denied). 
      The impact of the general rule has been consistently followed and has been codified in the
rules of civil procedure. See Tex. R. Civ. P. 193.4(a) and note 6 to rule 193. The Texarkana
court has stated the rule as follows:
A party seeking to deny production of evidence must claim a specific privilege against
such production [citing Peeples]. Caraway claimed that many of its records were not
relevant and thus not discoverable. The burden of pleading and proving that the records
were not relevant fell upon Caraway, the party seeking to prevent discovery [citing
Weisel Enterprises, Inc. v. Curry, 718 S.W.2d 56 (Tex. 1986) and Peeples].

Brad Caraway & Associates, Inc. v. Moye, 724 S.W.2d 892, 893 (Tex. App.—Texarkana 1987,
orig. proceeding). Likewise, Corpus Christi has directly applied the rule by holding that the party
resisting discovery failed to present evidence at the hearing and thus failed to meet its burden of
proof. The court stated:
LCC offered no evidence at the hearing to prove that the information requested was
irrelevant or that it would be burdensome or harassing to require LCC to produce it. 
Therefore, LCC did not carry its burden to prove that the information was not relevant
or that it would be too burdensome to require LCC to produce it. [citations omitted].

Collier Services Corp. v. Salinas, 812 S.W.2d 372, 376 (Tex. App.—Corpus Christi 1991, orig.
proceeding).
      A trial judge who denies discovery in the absence of some evidence supporting non-disclosure
abuses his discretion. See Weisel Enterprises, 718 S.W.2d at 58. Because Union Pacific
Resources produced no evidence at the hearing on Continental’s motion to compel discovery, the
trial court abused its discretion in denying Continental’s request.
CONCLUSION
      We conditionally grant a writ ordering the trial court to vacate its order of February 26, 1999,
and directing it to enter an order granting Continental’s motion to compel of December 28, 1998,
to the extent limited by Continental’s counsel at the hearing on the motion to compel. Mandamus
will issue only if the court fails to comply.
 
                                                                         TOM GRAY
                                                                         Justice
Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Petition Granted
Opinion delivered and filed May 12, 1999
Publish