NO. 07-10-0483-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JANUARY 6, 2011

_____

IN RE: BETTY PALACIO, RELATOR

_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-550,142, HONORABLE LES HATCH, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

This original proceeding arises out of a discovery dispute in connection with a personal injury lawsuit filed by Relator, Betty Palacio, wherein she alleges she was injured as the result of a workplace accident. During discovery, the Real Party in Interest, McDonald's Restaurants of Texas, Inc. ("McDonald's"), issued notices of their requests for the production of documents from two non-parties: United Supermarkets and Bryan's Steaks. Relator moved for an order quashing both notices and a protective order. The trial court granted, in part, the motion to quash as to United Supermarkets,

but denied the motion as to Bryan's Steaks. Contending the trial court abused its discretion in failing to grant both motions in their entirety, Relator seeks mandamus relief from this Court. For the reasons to follow, we decline to grant the relief requested.

## Background

In her original petition, Relator contends that she suffered an elbow injury when she fell at her place of employment. McDonald's discovered that Relator had previously sustained injuries to her knee from a fall as a patron at Bryan's Steaks and was taking medications dispensed by the pharmacy at United Supermarkets. McDonald's sought to discover documents relating to the fall at Bryan's Steaks and the medications dispensed by United Supermarkets. Following a hearing on Relator's motion to quash the request for production notices, the Honorable Les Hatch denied the motion to quash as to Bryan's Steaks, but limited the scope of discovery as to United Supermarkets by restricting the production request to records dating back three years prior to the fall the subject of the present litigation.

## Scope of Discovery

A party to pending litigation has the right to obtain discovery "regarding any matter that is not privileged and is relevant to the subject matter of the pending action." Tex. R. Civ. P. 192.3(a). The phrase "relevant to the subject matter" is to be "liberally construed to allow the litigants to obtain the fullest knowledge of the facts and issues

2

prior to trial." *Ford Motor Co. v. Castillo,* 279 S.W.3d 656, 664 (Tex. 2009) (quoting *Axelson, Inc. v. McIlhany,* 798 S.W.2d 550, 553 (Tex. 1990)). Information is relevant if it tends to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the information. Tex. R. Evid. 401. Therefore, the preemptive denial of discovery is proper if there exists no possible relevant, discoverable testimony, facts, or material which would support or lead to evidence that would support a claim or defense. *Ford Motor Co.,* 279 S.W.3d at 664.

### Mandamus Standard of Review

"Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding), (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)). To establish an abuse of discretion, the complaining party must demonstrate that the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules and principles. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1965). When a petition for writ of mandamus is filed, the relator bears the burden to show entitlement to the relief requested. *Johnson,* 700 S.W.2d at 917. Therefore, under the facts of this case, in order to show entitlement to mandamus relief Relator would have to establish that the trial court's decisions pertaining to Relator's motion to quash were so outside the permissible scope of discovery as to be unreasonable or

3

arbitrary; that is, that the requested discovery could not possibly lead to the disclosure of relevant, discoverable testimony, facts, or materials.

When it comes to privileged documents, mandamus is the appropriate remedy when the trial court has erroneously granted discovery. *In re Fort Worth Children's Hosp.,* 100 S.W.3d 582 (Tex.App.--Fort Worth 2003, orig. proceeding). The party resisting discovery has the burden to plead the privilege and to produce evidence demonstrating the applicability of the privilege. See Tex. R. Civ. P. 193.4(a); *Peeples v. Honorable Fourth Supreme Judicial District*, 701 S.W.2d 635, 637 (Tex. 1985).

**Analysis**

Relator contends the trial court abused its discretion by denying her motion to quash as to both Bryan's Steaks and United Supermarkets because the requests for production exceeded the scope of allowable discovery by requesting information or data that was not relevant to the pending litigation. The accident at Bryan's Steaks was a slip-and-fall. The claim in the present litigation is a slip-and-fall. Although Relator contends that she suffered different injuries in the two events, evidence of similar accidents or events may be admissible to rebut allegations of causation. *See Middleton v. Palmer,* 601 S.W.2d 759, 763 (Tex.Civ.App.--Dallas 1980, writ ref'd n.r.e.) (allowing evidence that plaintiff was involved in another accident to show inconsistent statements by plaintiff as to causation). Because discovery of the facts and circumstances surrounding Relator's injury at Bryan's Steaks could lead to the disclosure of information

4

relevant to a consequential issue, i.e. causation, the trial court did not abuse its discretion in denying Relator's motion to quash. Furthermore, evidence pertaining to the prescription medications being taken by Relator is relevant to her claim of damages. Tex. R. Evid. 401.

Relator further contends that any information to be obtained from United Supermarkets is protected from disclosure by the physician-patient privilege. *See* Tex. R. Evid. 509(c)(1) and (2). Because Rule 509(c)(2) specifically pertains to treatment records *created or maintained by a physician,* the records of a pharmacy are not protected from disclosure by the physician-patient privilege. *See Fort Worth Children's Hosp.,* 100 S.W.3d at 589 (holding that where hospital failed to present evidence that documents the subject of a discovery request were *created or maintained by a physician*, it failed to carry its burden to prove that the documents were subject to the physician-patient privilege). *See also Walgreen Co. v. Hieger,* 243 S.W. 3d 183, 186 (Tex.App.--Houston [14th Dist.] 2007, pet. denied) (finding that a registered pharmacist and clinical professor at the College of Pharmacy at the University of Texas was not a "physician"). Furthermore, Relator failed to produce any evidence demonstrating the applicability of the physician-patient privilege.

5

## Conclusion

Because the information sought was both relevant and discoverable, the trial court did not abuse its discretion in denying Relator's motion to quash as to either United Supermarkets or Bryan's Steaks. Relator's request for mandamus relief is denied.

Per Curiam