**Petition for Writ of Mandamus Denied and Memorandum Opinion filed February 14, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00109-CV

_____

### IN RE CHRISTINE S. WILLIE, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**Probate Court No. 1**
**Harris County, Texas**
**Trial Court Cause No. 401,492**

## M E M O R A N D U M   O P I N I O N

On February 6, 2012, relator Christine S. Willie filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. Relator asks that we direct the respondent, the Honorable Loyd Wright, presiding judge of Harris County Probate Court Number One, to vacate his November 10, 2011, and November 15, 2011, discovery orders in the underlying probate proceeding.

The underlying proceeding is a will contest concerning three different wills of the decedent, Cecilia Margaret Gibbons. In January of 2011, relator applied to probate the decedent's June 3, 2010 will. Five months later, she filed an amended application to

probate the decedent's May 14, 2010 will. The real party in interest, John Richard Shanks, has applied to probate a will dated August 26, 2010.

On November 15, 2011, relator's deposition was taken. Relator refused to answer any questions concerning the will June 3, 2010 will. Relator contends that the first-filed will is no longer before the court, citing that general rule that an amended pleading supersedes all previous pleadings. *See* Tex. R. Civ. P. 65. The trial court ruled by telephone that relator was required to answer. At that time relator agreed to answer the questions.

Relator's counsel, her husband, Joseph R. Willie, II, was also subpoenaed for a deposition, in part because he is a material fact witness in that he witnessed the decedent's June 3, 2010 will. Counsel moved to quash the subpoena, which included a duces tecum, and the trial court denied the motion by written order signed November 10, 2011. Counsel refused to attend the noticed deposition, and the real party obtained a certificate of nonappearance.

On February 7, 2012, relator filed a motion for emergency stay in this court. *See* Tex. R. App. P. 52.10. In her motion, she sought to stay a hearing set for February 9, 2012, during which the trial court was scheduled to consider the real party's motion for contempt against relator's counsel for failing to attend his deposition, the real party's motion to disqualify relator's counsel, and the real party's motion for summary judgment. This court denied relator's motion on February 8, 2012, and denied relator's motion to reconsider our ruling on February 9, 2012.

Generally, the scope of discovery is within the trial court's discretion. *In re CSX Corp.,* 124 S.W.3d 149, 152 (Tex. 2003). Mandamus will issue to correct a discovery order if the order constitutes a clear abuse of discretion and there is no adequate remedy by appeal. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998). The heavy burden of establishing an abuse of discretion and an inadequate appellate remedy is on the

2

party resisting discovery. *CSX Corp.,* 124 S.W.3d at 151. Mandamus relief may be justified when: (1) the appellate court would not be able to cure the trial court's discovery error, such as when privileged information or trade secrets would be revealed or production of patently irrelevant or duplicative documents imposing a disproportionate burden on the producing party is ordered; (2) the party's ability to present a viable claim or defense is severely compromised or vitiated by the erroneous discovery ruling to the extent that it is effectively denied the ability to develop the merits of its case; or (3) the trial court's discovery order disallows discovery that cannot be made a part of the appellate record, thereby denying the reviewing court the ability to evaluate the effect of the trial court's error. *Colonial Pipeline,* 968 S.W.2d at 941 (citing *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992)).

In two issues, relator asserts that the trial court abused its discretion in compelling testimony on a cause of action that is not before the court. Relator cites *FKM Partnership, Ltd. v. Bd. of Regents,* 255 S.W.3d 619, 632 (Tex. 2008), in which the Texas Supreme Court recognized the general rule that filing an amended pleading that does not include a cause of action effectively nonsuits or voluntarily dismisses the omitted claim.

While we do not disagree with this general proposition, we must conclude that it does not control the issues presented here. Rule 801(e)(2) of the Texas Rules of Evidence provides that, subject to other Rules of Evidence that may limit admissibility, any statement by a party-opponent is admissible against that party. *See* Tex. R. Evid. 801(e)(2) (statements made by a party and offered against that party are admissible). The Texas Supreme Court has held that Rule 801(e)(2) includes superseded pleadings. *See Bay Area Healthcare Group, Ltd. v. McShane*, 239 S.W.3d 231, 234-35 (Tex. 2007). Therefore, relator has not established that the trial court abused its discretion in compelling testimony about relator's prior application for probate.

3

To the extent that relator and her counsel are claiming attorney-client privilege in counsel's refusal to be deposed, relator has not met her burden to establish the privilege. The party who seeks to limit discovery by asserting a privilege has the burden of proof. *In re E.I. DuPont de Nemours and Co.*, 136 S.W.3d 218, 223 (Tex. 2004). To meet her burden, the party seeking to assert a privilege must make a prima facie showing of the applicability of the privilege, produce evidence to support the privilege through affidavits or testimony, and produce the documents themselves if the trial court determines an in camera review is necessary. *In Re BP Prods. N. Am. Inc.*, 263 S.W.3d 106, 112 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); s*ee also* Tex. R. Civ. P. 193.4; *Peeples v. Hon. Fourth Supreme Judicial Dist.*, 701 S.W.2d 635, 637 (Tex.1985). The record before this court contains no such evidence.

Relator has not met her burden to establish entitlement to relief, and we overrule her issues. Accordingly, we deny relator's petition for writ of mandamus.


PER CURIAM


Panel consists of Chief Justice Hedges and Justices Jamison and McCally.

4