Barbara J. VELASCO, Relator,

v.

Honorable Carol R.
HABERMAN, Respondent.

No. 04–85–00505–CV.

Court of Appeals of Texas,
San Antonio.

Nov. 20, 1985.

Oliver S. Heard, Jr., Richard R. Orsinger,
Heard, Goggan & Blair, San Antonio, for
relator.

Gene Toscano, San Antonio, for respondent.

Before ESQUIVEL, BUTTS and DIAL, JJ.

## OPINION

*On Relator's Petition for Writ
of Mandamus*

ESQUIVEL, Justice.

This is an original mandamus proceeding. It arises out of a divorce proceeding that is now pending between relator and her husband, Ralph E. Velasco, Jr., the real party in interest. Mr. Velasco brought a divorce action against relator based upon insupportability. *See* TEX.FAM.CODE ANN. § 3.01 (Vernon 1975). Relator countersued for divorce on the same ground, and subsequently, on October 24, 1985, she filed an amended countersuit raising the grounds of adultery and cruelty. *See* TEX.FAM. CODE ANN. §§ 3.02 and 3.03 (Vernon 1975). Insupportability was retained as an alternative ground in the amended pleading.

Relator's attorney took the oral deposition of Mr. Velasco on October 23, 1985. During the course of the deposition he asked Mr. Velasco whether he had committed adultery, whether he had slept with a Ms. Levens on business trips, and whether he had bought gifts for Ms. Levens or paid her bills. After each question Mr. Velasco was instructed by his attorney not to answer, and he refused to do so. Two days later, relator filed a motion to impose sanctions for failure to answer the deposition questions. At the hearing on the motion relator also asked the trial judge, the Honorable Carol Haberman, respondent in this proceeding, to direct Mr. Velasco to answer the questions. Judge Haberman entered an order ruling that Mr. Velasco must again sit for his deposition, but that relator's counsel would be permitted to ask *only five* questions relating to adultery and marital fault. This mandamus proceeding followed alleging that the respondent had abused her discretion in limiting relator's inquiry into these matters to five questions.

This court may direct a writ of mandamus to issue against a trial court to correct a clear abuse of discretion in a discovery proceeding. *Barker v. Dunham,* 551 S.W.2d 41, 42 (Tex.1977). This is true not only where the trial court order improperly grants discovery, but the writ may also issue where the trial court improperly limits or denies discovery. *Lindsey v. O'Neill,* 689 S.W.2d 400, 402 (Tex.1985); *Allen v. Humphreys,* 559 S.W.2d 798, 804 (Tex.1977); *Barker v. Dunham,* 551 S.W.2d at 46.

TEX.R.CIV.P. 166b(2) describes the scope of discovery. Subsection (a) provides, in part:

Parties may obtain discovery regarding any matter which is relevant to the subject matter in the pending action whether it relates to the claim or defense of the party seeking discovery or the claim or defense of any other party.

The Texas Supreme Court has ruled that in a fault-based divorce, fault in the breakup of a marriage may be considered by the trial court in dividing the parties' property. *Murff v. Murff,* 615 S.W.2d 696, 698 (Tex. 1981); *Young v. Young,* 609 S.W.2d 758, 762 (Tex.1980). Evidence of sexual misconduct is relevant when adultery is alleged as a ground for divorce. *Bell v. Bell,* 540 S.W.2d 432, 436 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ). Sexual misconduct has also been held to be evidence of insupportability. *Elrod v. Elrod,* 517 S.W.2d 669, 672 (Tex.Civ.App.—Corpus Christi 1974, no writ). It is thus apparent that the discovery sought involves both relevant and admissible matters that are crucial to relator's position regarding the division of the marital property.

We hold that Judge Haberman's limitation of the inquiry regarding adultery and marital fault to no more than five questions is an arbitrary and unreasonable restriction of permissible discovery and constitutes a clear abuse of discretion. The restriction is akin to a limitation of relator's inquiry into the business and financial affairs of her husband to five questions. Surely no one would contend that such a limitation is within the trial court's discretion. The fact that the discovery sought involves matters that may be embarrassing or distasteful to some is no basis for limiting or precluding discovery of relevant information.

It may be that a divorce based on fault will not be granted. It may be that even if a fault-based divorce is granted, the trial judge will choose not to consider fault in the division of the marital property. Neither scenario, however, restricts in any way relator's right to obtain discovery related to marital fault and to attempt to prove marital fault during trial.

We are confident that Judge Haberman will, within fifteen (15) days from the date of this opinion, set aside her order limiting discovery to five questions on relator's motion to impose sanctions and will issue an order permitting reasonable discovery on the issue of Mr. Velasco's fault in the breakup of the marriage, and the issue of whether he has committed adultery. The writ of mandamus will issue only if she refuses to do so.