WESTERN CASUALTY & SURETY COMPANY, Relator,

v.

Honorable Carolyn SPEARS, Respondent.

No. 04–87–00128–CV.

Court of Appeals of Texas, San Antonio.

April 29, 1987.

James A. Knox, Michael D. Farris, Dallas, for relator.

Robert Russo, Peter L. Kilpatrick, San Antonio, for respondent.

Before BUTTS, CANTU and CHAPA, JJ.

## ON RELATOR'S PETITION FOR WRIT OF MANDAMUS

BUTTS, Justice.

Relator, Western Casualty & Surety Company, petitioned this Court to issue a writ of mandamus to compel respondent, the Honorable Carolyn Spears, to vacate her order denying relator protection from certain pre-trial discovery orders.

University National Bank (UNB), plaintiff below and the real party in interest, attempted to collect on its banker's blanket bond insurance policy issued by relator for losses the bank incurred due to the alleged dishonesty of one of its officers. Relator made no payment under the bond but apparently made many requests for additional information in order to process the claim. UNB filed suit against relator insurance company, the errant bank officer, and others alleging breach of contract and in addition, a bad faith claim. The bank demanded discovery and production of documents from relator concerning its contract cause of action as well as its bad faith cause of action. Relator resisted discovery of its investigative files and manuals concerning the handling of the claim (documents related to the bad faith cause of action) based on the attorney-client privilege, the attor-

ney work product rule, and the fact that the bad faith cause of action had not yet accrued.

In its response to UNB's request for production and its answers to UNB's interrogatories, relator enumerated certain privileges it claimed exempted the materials requested from production.[1] Relator requested the trial court to determine whether any of its claimed privileges applied.

The trial court held a hearing, denied relator's motion for protection, and granted the bank full discovery. It is agreed that a court reporter recorded the hearing, however, relator tendered no transcription of the proceeding to this Court.

■ We have jurisdiction to enter relief by way of mandamus when the trial court abuses its discretion and relator has no other adequate remedy by law. *State Department of Highways & Public Transportation v. Ross*, 718 S.W.2d 5, 10 (Tex. App.—Tyler 1986, no writ); *Velasco v. Haberman*, 700 S.W.2d 729, 730 (Tex.App.— San Antonio 1985, no writ); *see Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985).

■ The Supreme Court, in *Peeples v. Honorable Fourth Supreme Judicial District*, 701 S.W.2d 635 (Tex.1985), set out procedural requirements a contestant to discovery must follow. The party seeking to exclude matters from discovery must (1) specifically plead the particular privilege or immunity claimed, (2) request a hearing, (3) produce some evidence concerning the applicability of the particular privilege, and (4) once the trial court has determined the need for an in camera inspection exists, segregate and produce the materials sought to be protected. Failure to follow these procedures results in a waiver of any complaint of the trial court's action. *Weisel Enterprises, Inc. v. Curry*, 718 S.W.2d

56, 58 (Tex.1986); *Peeples v. Honorable Fourth Supreme Judicial District*, 701 S.W.2d at 637; *Johnson v. Casseb*, 722 S.W.2d 253, 256 (Tex.App.—San Antonio 1986, no writ).

Relator has failed to present us with a statement of facts from the hearing. We are, therefore, limited in reviewing the alleged abuse of discretion. Without a statement of facts it is impossible for us to review the evidence to determine whether relator sufficiently established its entitlement to protective orders.

During oral argument before this Court attorneys for relator and the real party in interest stated that no evidence was introduced at the hearing, only the attorneys' arguments were presented, and the documents sought to be protected were not introduced. "When ... the claim for protection is based on a specific privilege, such as attorney-client or attorney work product," as is the situation in our case, "the documents themselves may constitute the only evidence substantiating the claim of privilege." *Weisel Enterprises, Inc. v. Curry*, 718 S.W.2d at 58; *Johnson v. Casseb*, 722 S.W.2d at 256. Relator claims the documents themselves are the evidence tending to establish its claim of privilege. In such a case, relator had the burden to produce those documents, which are the only evidence available. Mere allegations that a particular privilege applies to a specific document is no evidence of the application of the privilege. *Id.* We hold that by relator's failure to produce evidence to show the applicability of the privilege relator has waived any complaint of the trial court's denial of protective orders.

■ However, relator argues that rule does not apply when the documents concern a bad faith claim. It addresses the

---

1. Relator asserted the post-occurrence investigative privilege of TEX.R.CIV.P. 166b(3)(d) and asserted that the bank is not entitled to discovery on its bad faith cause of action until relator's liability on the bond is established.
   TEX.R.CIV.P. 166b(3)(d) provides:
   [A]ny communication passing between agents or representatives or the employees of any party to the action or communications

between any party and his agents, representatives or their employees, where made subsequent to the occurrence or transaction upon which the suit is based, and made in connection with the prosecution, investigation or defense of the claim or the investigation of the occurrence or transaction out of which the claim has arisen ...
is privileged.

scope of immunity, that is, whether it was even required to produce documents related to a bad faith claim *prior to the accrual of the claim* and the effect *Arnold v. National County Mutual Fire Insurance Co.,* 725 S.W.2d 165 (Tex.1987) and *Maryland American General Insurance Co. v. Blackmon,* 639 S.W.2d 455 (Tex.1982) have on the question. We agree that while it may often be correct to grant immunity to the insurer, the insurer must sustain its burden to demonstrate the privilege applies.

In *Arnold* it was held that the statute of limitations does not begin to run on a good faith and fair dealing claim until the underlying insurance contract claims are finally resolved, citing *Maryland American General Insurance Co., supra.* The Court emphasized that the holding in *Maryland American General Insurance* was that the privilege protecting documents which are needed to prove the bad faith claim will be upheld until the underlying claim is finally determined. For purposes of the mandamus action before this Court, the key words are *documents needed to prove the bad faith claim.*

Assuming that relator Western Casualty did have certain documents needed to prove the bad faith claim, which would therefore be *privileged* documents until the underlying claim is finally determined, relator failed to identify for the trial court any documents privileged in this manner or to produce evidence of this. We hold that pursuant to the requirements of *Peeples,* when the insurer asserts a privilege from discovery in a bad faith claim, it must produce some evidence concerning the applicability of the particular privilege. That evidence would show that *the privileged documents are needed to prove the bad faith claim.* Thus the documents would be declared privileged until the underlying claim on the contract is finally determined.

Relator's petition for writ of mandamus is denied.

CANTU, Justice, concurring.

I agree that the writ of mandamus should be denied. However, I would not categorize the documents relator sought to exclude from discovery under the bad faith claim as privileged.

If they were not discoverable at the time of hearing it was because the documents were not yet relevant to a triable claim. Relator concedes as much.

Nevertheless, relator argues that respondent abused its discretion by failing to conduct an in camera inspection of the documents. As noted in the court's opinion, none of the documents were ever introduced in evidence at an evidentiary hearing. Nor is there any indication that the documents claimed to be privileged were ever segregated from those claimed to be irrelevant.

In the absence of a statement of facts it is impossible to determine what, if anything, was requested of respondent.

I would deny the writ based upon relator's total failure to demonstrate that respondent abused its discretion in any manner. If anything, the record and admissions of counsel during argument demonstrate relator's failure to invoke respondent's protective powers.

CHAPA, Justice, concurring.

I agree the writ of mandamus should be denied. However, I find no urgency to categorize the documents relator sought to exclude from discovery as privileged or irrelevant.

A mandamus issues only to correct a clear abuse of discretion or violation of a duty imposed by laws where there is no other adequate remedy at law. *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). A court of appeals acts in excess of its writ power (abuses its discretion) when it grants mandamus relief absent these circumstances. *Id.* at 917; *Peeples v. Honorable Fourth Supreme Judicial District,* 701 S.W.2d 635 (Tex.1985); *Ginsberg v. Fifth Court of Appeals,* 686 S.W.2d 105 (Tex.1985).

TEX.R.CIV.P. 166b(4) provides in part as follows:

Protective Orders. *On motion specifying the grounds* and made by any per-

son against or from whom discovery is sought under these rules, the court may make any order in the interest of justice necessary to protect the movant from undue burden, unnecessary expense, harassment or annoyance, or invasion of personal, constitutional, or property rights.... (emphasis added)

TEX.R.CIV.P. 166b(4).

It is readily apparent that the rule is not limited to either privileged or irrelevant grounds, but extends to any ground the moving party can show entitles him to the relief available under the rule. This rule, however, must be construed as an exception to the general rule that evidence is admissible and discoverable under our rules of procedure. Therefore, any party who seeks to deny the production of evidence under this rule has the burden to specifically claim the grounds which justify the application of the rule. *Peeples v. Honorable Fourth Supreme Judicial District,* 701 S.W.2d 635 (Tex.1985); *C.G. Griffin v. The Honorable R.L. Smith,* 688 S.W.2d 112 (Tex.1985). The party who seeks to exclude documents, records or other matters from discovery under the rule, has the affirmative duty to specifically plead the particular privilege, immunity, or other ground claimed for denial of discovery and request a hearing on the motion. The trial court will determine whether an in camera inspection is necessary. If such inspection is ordered by the trial judge, the material sought to be protected must be segregated and produced to the court. Failure to follow the above procedure constitutes a waiver of any complaint of the trial court's actions. *Peeples,* 701 S.W.2d at 637.

Although the court reporter in the trial court recorded the hearing, the relator has failed to provide a transcript of the proceeding to this Court. Therefore, no evidence is before us to establish that the outlined procedure in *Peeples* was complied with, and the relator has thus waived any complaint of the trial court's actions. *Peeples,* 701 S.W.2d at 637.

The relator has failed to show he is entitled to a writ of mandamus.