**CAMERON COUNTY and Michael Petrucello, Relators,**

v.

**Honorable Gilberto HINOJOSA, Respondent.**

No. 13-88-359-CV.

Court of Appeals of Texas, Corpus Christi.

Oct. 27, 1988.

Bettye S. Kitch, Fort Worth, for relators.

James A. Hermann, Harlingen, for respondent.

Before KENNEDY, UTTER, and BENAVIDES, JJ.

## OPINION

KENNEDY, Justice.

This is an original mandamus action. Juanita Frizzell brought suit below under the Whistle Blower Act, Tex.Rev.Civ.Stat. Ann. art. 6252–16a (Vernon Supp.1988), against relators, Cameron County and Michael Petrucello, director of the Cameron County computer department, for harassment and wrongful termination from her job in the computer department after she reported Petrucello's use of the computer for personal business.

During discovery Frizzell sought to obtain certain documents which had been sent between Petrucello and the Cameron County Attorney's office concerning advice requested and received by Petrucello regarding his official duties. Relators moved for protective orders based on the attorney-client privilege and tendered the documents to the trial court for an *in camera* inspection. There is no indication in the record brought on appeal that relators requested a hearing on the motion or that one was ever held. The trial court denied the motion, reciting that no attorney-client privilege existed between Petrucello and the Cameron County attorney's office or that any privilege which did exist had been waived by Petrucello.

We deny the application for writ of mandamus for two reasons. First, we hold that relators failed either to request a hearing on their motion for protective orders, or, if one was held, to provide a record of the hearing for this Court. Second, we do not presume the documents to be within the attorney-client privilege, because they indicate that copies were sent to third-parties and thus the communications were not kept confidential.

We first address relator's burden to request a hearing and to bring a record of that hearing on appeal.

The burden is on the party asserting a privilege from discovery to produce evidence concerning the applicability of the particular privilege to the communication in question. *Jordan v. Court of Appeals for the Fourth Supreme Judicial District*, 701 S.W.2d 644, 648 (Tex.1985); *Peeples v. Fourth Court of Appeals*, 701 S.W.2d 635, 637 (Tex.1985); *Giffin v. Smith*, 688 S.W. 2d 112, 114 (Tex.1985).

*Peeples* requires any party who seeks to exclude documents from discovery to specifically plead the particular privilege and request a hearing on his motion. The trial court must then determine whether an *in camera* inspection is necessary, and, if so, the party seeking protection must segregate and produce the documents to the court. Failure to follow this procedure waives any complaint of the trial court's action. *Peeples*, 701 S.W.2d at 637.

In *Weisel Enterprises, Inc. v. Curry*, 718 S.W.2d 56 (Tex.1986), the Court elaborated on the requirement that relator prove his basis for protection, by noting that under certain circumstances, such as when relevancy or harassment is the basis for

protection, affidavits or live testimony may be sufficient proof. When, however, the claim for protection is based on a specific privilege, such as attorney-client or attorney work product, the documents themselves may constitute the only evidence substantiating the claim of privilege. *Weisel,* 718 S.W.2d at 58.

In *National Union Fire Insurance Co. v. Hoffman,* 746 S.W.2d 305 (Tex.App.—Dallas 1988) (original proceeding), the appellate court confirmed that *Peeples* requires the party objecting to discovery timely to request a hearing on his motion for protection or the privilege is waived, but noted that a 1988 amendment to Tex.R. Civ.P. 166b(4) suggests that either party may request a hearing, and may have relieved the party challenging discovery from this burden as a prerequisite to his claim. *Id.* at 309, n. 5.

■ The amended Texas Rule of Civil Procedure 166b(4) Presentation of Objections, provides that:

> [A] party who seeks to exclude any matter from discovery on the basis of an exemption or immunity from discovery, must specifically plead the particular exemption or immunity from discovery relied upon and produce evidence supporting such claim in the form of affidavits or live testimony presented at a hearing requested by either the requesting or objecting party. When a party's objection concerns the discoverability of documents and is based on ... attorney-client privilege ... the party's objection may be supported by an affidavit or live testimony but, if the trial court determines that an IN CAMERA inspection of some or all of the documents is necessary, the objecting party must segregate and produce the documents....

The amendment to Rule 166b(4) requires the objecting party to produce its evidence *at a hearing* where the judge will then determine whether an *in camera* inspection is necessary. Thus, a hearing is still required to preserve the privilege; however, under the amendment, it does not appear to matter who requested the hearing. *Cf. National Union Fire Insurance Co. v. Hunter,* 741 S.W.2d 592, 595 (Tex. App.—Corpus Christi 1987) (original proceeding).[1] In effect, if a hearing is not requested by the party seeking discovery or granted by the trial court *sua sponte,* it is the burden of the party opposing discovery to request one.

A hearing gives the trial court an opportunity to determine the need for an *in camera* inspection, and the parties an opportunity to present evidence of the circumstances surrounding the communications claimed to be privileged. Although *Weisel* holds that extrinsic evidence may not be necessary in some cases to establish the privilege, this does not diminish the need for a hearing, in order to give the party seeking discovery an opportunity to present evidence that the privilege does not apply. *See Medical Protective Co. v. Glanz,* 721 S.W.2d 382, 384 (Tex.App.—Corpus Christi 1986, writ ref'd).

■ If a hearing was in fact held, it was relator's burden to bring a statement of facts of the hearing as part of the record. We said in *Fina Oil and Chemical Co. v. Salinas,* 750 S.W.2d 32, 34 (Tex.App.—Corpus Christi 1988) (original proceeding), that: "Normally, in a mandamus proceeding, it is incumbent upon the relator to bring forward all the elements of the record below to enable the appellate court to render a decision. See Tex.R.App.P. 121." In *Western Casualty & Surety Co. v. Spears,* 730 S.W.2d 821, 822 (Tex.App.—San Antonio 1987) (original proceeding), a hearing was held, but relator failed to bring a statement of facts before the appellate court, which held that, "[w]ithout a statement of facts it is impossible for us to review the evidence to determine whether relator sufficiently established its entitlement to protective orders."

We hold that relators have not met their burden under *Peeples* and Rule 166b(4) of bringing forward a record to this Court of

---

1. Under a strict application of *Peeples* prior to amendment of the rule, privilege was waived by relator's failure to request a hearing, even though the trial judge announced *sua sponte* that he would hold a hearing.

a hearing on their motion. In the absence of such a record, we must presume either that relators waived their claims of privilege by failing to request a hearing, or that a hearing was held in which evidence controverting their claim of privilege supported the trial court's conclusion that the documents are discoverable.

█ Assuming that *Peeples* and Rule 166b(4) were followed, however, we next address the application of the attorney-client privilege to the documents at issue.

In their petition, relators argue that the attorney-client privilege protects the documents from discovery. Tex.R.Civ.Evid. 503(b) provides in pertinent part that "[a] client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client...." The purpose of the attorney-client privilege is to promote unrestrained communication and contact between an attorney and client in all matters in which the attorney's professional advice or services are sought, without fear that these confidential communications will be disclosed by the attorney, voluntarily or involuntarily, in any legal proceeding. *West v. Solito*, 563 S.W.2d 240 (Tex.1978); *National Surety Corp. v. Dominguez*, 715 S.W.2d 67 (Tex. App.—Corpus Christi 1986) (original proceeding).

Petrucello, as director of the Cameron County computer department, was entitled to ask for legal advice from the Cameron County Attorney in making employment decisions. A statutory duty is imposed on the county attorney to give such advice in Tex. Gov't Code Ann. § 41.007 (Vernon 1988), which provides that "[a] district or county attorney, on request, shall give to a county or precinct official of his district or county a written opinion or written advice relating to the official duties of that official."

Frizzell argues both that the relators failed to offer sufficient proof that the communications between Petrucello and the county attorney were intended to be confidential, and that the privilege does not apply to communications between a county official and the county attorney. We need not address the latter contention, however, because we hold that relators failed to prove that the communications were intended to be confidential.

Documents may show on their face that the attorney-client privilege applies. Under *Weisel*, 718 S.W.2d at 58, this in turn may be enough to create a presumption of privilege requiring the trial court to protect the documents from discovery, absent any controverting evidence that the privilege does not apply. In *Southwest Inns, Ltd. v. General Electric Co.*, 744 S.W.2d 258, 260–61 (Tex.App.—Houston [14th Dist.] 1987, writ denied), the appellate court held, "based upon *Weisel*, that when the documents themselves may constitute the only evidence of privilege, and the trial court has conducted an *in camera* review, the court need not then consider extrinsic evidence." *Id.*, at 261.

However, if there is evidence that suggests the privilege may not apply because the communication was not intended to be confidential, the privilege was waived, etc., it becomes a fact question for the trial court, which must be resolved from the documents themselves and/or extrinsic evidence presented at the hearing. If conflicting evidence is presented upon the issue of whether the attorney-client privilege applies to prohibit discovery, the decision of the trial court must be deemed conclusive. *Gulf Oil Corp. v. Fuller*, 695 S.W.2d 769, 773 (Tex.App.—El Paso 1985) (original proceeding); *see also West v. Solito*, 563 S.W. 2d 240, 245 (Tex.1978).

In *Jordan*, 701 S.W.2d at 648, relator claimed a privilege against disclosure of documents based on records and proceedings of a hospital committee. Some of these documents were in the possession of the Bexar County district attorney and had been used in a grand jury investigation. The record before the Court was otherwise silent about disclosure. The Supreme Court held that "[i]f the matter for which a privilege is sought has been disclosed to a third party, thus raising the question of waiver of the privilege, the party asserting

the privilege has the burden of proving that no waiver has occurred." *Id.,* at 649; *see also National Union Fire Insurance Co. v. Hoffman,* 746 S.W.2d 305, 311 (Tex. App.—Dallas 1988) (original proceeding) (waiver of attorney-client privilege by disclosure to third party). Once disclosure is raised by the evidence, relators have the burden to present some evidence to support a holding that the disclosure did not constitute waiver.

In the present case, the letters between Petrucello and the county attorney which appear to solicit or give legal advice, themselves show that copies were routinely sent by both Petrucello and the county attorney to the county personnel office, the county auditor's office, and the county judge's office.

Tex.R.Civ.Evid. 503 provides in pertinent part:

> (a)(5) A communication is "confidential" if not intended to be disclosed to third persons other than those to whom disclosure is made in furtherance of the rendition of professional legal services to the client or to those reasonably necessary for the transmission of the communication.

The outside disclosure apparent on the face of the documents in the present case is some evidence either that the communications were never intended to be confidential, or that the privilege was waived by disclosure to third parties, and it tends to rebut the presumption of privilege that the documents themselves might otherwise create under *Weisel.* If anything in the documents themselves raises a question as to whether the privilege applies, we can no longer presume the documents to be privileged, but the existence of the privilege becomes a question of fact for the trial court, based on the documents and the circumstances under which the communications were made. *National Surety Corp. v. Dominguez,* 715 S.W.2d 67, 70 (Tex.App. —Corpus Christi 1986) (original proceeding). We hold that the trial court's conclusion in the present case that the privilege did not apply to protect the documents is conclusive.

The application for a writ of mandamus is denied.