OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

May 24, 2002

The Honorable Jack Skeen, Jr.
Smith County Criminal District Attorney
Smith County Courthouse
100 North Broadway
Tyler, Texas 75702

Opinion No. JC-0506

Re: Whether the Smith County Commissioners Court violates the Open Meetings Act, chapter 551 of the Government Code, if it permits the Smith County Auditor to attend a meeting closed to consult with the county's attorney regarding pending litigation or settlement options, and related questions (RQ-0470-JC)

Dear Mr. Skeen:

On behalf of the Smith County Commissioners Court, you ask whether including the county auditor in a meeting that the commissioners court has closed to consult with its attorney, under section 551.071 of the Government Code, to discuss "pending or contemplated litigation or settlement offers" either violates the Open Meetings Act (the Act), chapter 551 of the Government Code, or "negate[s] the attorney-client privilege."[1] See TEX. GOV'T CODE ANN. ch. 551 (Vernon 1994 & Supp. 2002); TEX. R. EVID. 503. Although a governmental body generally is required to meet in public, see TEX. GOV'T CODE ANN. § 551.002 (Vernon 1994), it may consult with its attorney about "litigation and settlement offers or to seek or receive the attorney's advice with regard to legal matters" in a closed meeting. Tex. Att'y Gen. LO-97-017, at 9; see TEX. GOV'T CODE ANN. § 551.071 (Vernon 1994). This office concluded in 1984 that a governmental body may include in a meeting closed to consult with its attorney an officer or employee who is the governmental body's representative or agent "with respect to the particular litigation in question[,] whose presence is necessary to" effectively communicate with the attorney, and who is not an adversary of the governmental body or whose presence would not "prevent privileged communication from taking place." Tex. Att'y Gen. Op. No. JM-238 (1984) at 5. But a court may find that the presence of a person who is neither a member of the commissioners court nor the court's attorney indicates that communications occurring in the person's presence are not within the attorney-client privilege. See TEX. R. EVID. 503; Cameron County v. Hinojosa, 760 S.W.2d 742, 746 (Tex. App.–Corpus Christi 1988, no writ) (fact that correspondence had been disclosed to county auditor and other county offices "is some evidence either that the communications were never intended to be confidential, or that the privilege was waived by disclosure to third parties").

---

[1] Letter from Honorable Jack Skeen, Jr., Smith County Criminal District Attorney, to Honorable John Cornyn, Attorney General of Texas (Nov. 28, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

We conclude, consistently with our 1984 opinion, that the commissioners court may include the county auditor in a closed discussion of litigation or settlement offers if it determines that the auditor is necessary to the discussion, that the auditor's interests are not adverse to the county's, and that the auditor's presence is consistent with the attorney-client privilege. If, however, a court subsequently finds that, because of the auditor's presence, the communications are not privileged, then the commissioners court may also be found to have violated section 551.071 of the Government Code. To the extent Attorney General Opinion JM-238 did not fully discuss the rule of evidence providing for the attorney-client privilege, we modify it. *See* Tex. Att'y Gen. Op. No. JM-238 (1984) at 2.

You also ask whether the commissioners court may include the county auditor or other persons in meetings closed "to deliberate on real property or personnel" under sections 551.072 and 551.074 of the Government Code. Request Letter, *supra* note 1, at 2. In general, this office has stated that a governmental body may include a person whose interests are not adverse to the governmental body's interests and "whose participation is necessary to the matter under consideration." Tex. Att'y Gen. Op. No. JC-0375 (2001) at 2 (citation omitted). Consequently, we conclude that a commissioners court may include the county auditor in a meeting closed under section 551.072 or 551.074 if the court determines that the county's auditor's interests are not adverse to the court's interests and that the auditor's participation is necessary to the matter that will be considered. Of course, if a discussion convened under an exception other than section 551.071 also involves an attorney-client communication, the commissioners may wish to evaluate the auditor's presence in light of the attorney-client privilege.

Finally, you ask whether, "[i]f the County Auditor is present at an open session of the Commissioners Court when an executive session is announced and the Commissioners know that the Auditor is present at the request of the County Judge and will remain for the executive session," the commissioners court has "in fact" included the auditor in the closed meeting "by not excluding her." Request Letter, *supra* note 1, at 2. We conclude that it has.

The Act generally requires a governmental body to open every meeting to the public, although the Act lists several narrowly drawn exceptions to this rule. *See* Tex. Att'y Gen. Op. No. JC-0233 (2000) at 4; Tex. Gov't Code Ann. § 551.002 (Vernon 1994). You are particularly concerned with three of these exceptions: sections 551.071, 551.072, and 551.074. *See* Request Letter, *supra* note 1, at 1; Tex. Gov't Code Ann. §§ 551.071, 551.072, 551.074. Section 551.071 prohibits a governmental body from privately consulting with its attorney except in certain circumstances:

> A governmental body may not conduct a private consultation with its attorney except:
>
> (1) when the governmental body seeks the advice of its attorney about:

> (A)    pending or contemplated litigation; or
>
> (B)    a settlement offer; or
>
> (2) on a matter in which the duty of the attorney to the governmental body under the Texas Disciplinary Rules of Professional Conduct of the State Bar of Texas clearly conflicts with this chapter.

TEX. GOV'T CODE ANN. § 551.071 (Vernon 1994). Section 551.072 permits a governmental body to "deliberate the purchase, exchange, lease, or value of real property" in a closed meeting if public deliberation would harm the governmental body's position "in negotiations with a third person." *Id.* § 551.072. Section 551.074 provides that a governmental body generally is not required "to conduct an open meeting" to deliberate a public officer's or employee's "appointment, employment, evaluation, reassignment, duties, discipline, or dismissal" or "to hear a complaint or charge against an officer or employee." *Id.* § 551.074.

This office has construed the Act to provide a governmental body with limited discretion to determine which, if any, nonmembers may attend. *See* Tex. Att'y Gen. Op. No. JC-0375 (2001) at 2. The Act does not specify whether a person other than a member may attend a closed meeting. *See id.* at 1. Under the Act, only a member of a governmental body has a right to attend a closed meeting of the governmental body. *See also id.* at 2; Tex. Att'y Gen. Op. Nos. JM-238 (1984) at 2, JM-6 (1983) at 1-2.

In an early opinion on this issue, this office concluded that a governmental body may admit to a meeting closed to consult with its attorney "regarding pending or contemplated litigation" a third person who is an agent or representative of the governmental body, but only if the person's "presence is necessary to effective communication with the attorney." Tex. Att'y Gen. Op. No. JM-238 (1984) at 5. At that time, the substance of what is now section 551.071 was codified as section 2(e), article 6252-17 of the Revised Civil Statutes. *See* Tex. Att'y Gen. Op. No. JM-238 (1984) at 2 (quoting TEX. REV. CIV. STAT. ANN. art. 6252-17, § 2(e)); TEX. REV. CIV. STAT. ANN. art. 6252-17, § 2(e), *repealed by* Act of May 4, 1993, 73d Leg., R.S., ch. 268, § 46(1), 1993 Tex. Gen. Laws 583, 986. At that time, the substance of what is now found in subsections (1) and (2) of section 551.071 was not subdivided. *See* Tex. Att'y Gen. Op. No. JM-238 (1984) at 2 (quoting article 6252-17, section 2(e) of Revised Civil Statutes). After examining the genesis of section 2(e), the opinion suggested that the attorney-client privilege is part and parcel of the entire exception: "This provision enables" a governmental body and its attorney to protect "the attorney-client privilege for deliberations it covers. The purpose of the privilege is to promote the unrestrained communication between attorney and client, without fear that the attorney will disclose confidential communications." *Id.* at 4. An attorney-client communication is not privileged "in the 'presence of a third person who is not the agent of either client or attorney.'" *Id.* (quoting 8 WIGMORE, EVIDENCE § 2311 (McNaughton rev. 1961)). Thus, a governmental body may not include an adversary or a person "whose presence would . . . prevent privileged communication from taking

place." Tex. Att'y Gen. Op. No. JM-238 (1984) at 5; *accord* Tex. Att'y Gen. LO-97-017, at 9 (citing Attorney General Opinion JM-238); *cf.* Tex. Att'y Gen. LO-88-92, at 2 (stating that governmental body "may have to restrict the persons who attend" an executive session, particularly one "to obtain legal advice").

Recently, Attorney General Opinion JC-0375 extended Attorney General Opinion JM-238's analysis to other exceptions. *See* Tex. Att'y Gen. Op. No. JC-0375 (2001) at 2. There, this office had the opportunity to address "whether the . . . Act permits a governmental body to routinely include an officer or employee of the governmental body, . . . , in its executive sessions." *Id.* The opinion concludes that, consistently with previous opinions considering the inclusion of nonmembers under section 551.071, "a governmental body has discretion" to decide who may attend its closed meetings. *Id.* "While those whose attendance is contrary to the legal basis for the executive session may not be included, . . . , a governmental body may include officers and employees of the governmental body whose participation is necessary to the matter under consideration." *Id.*

We consider first the auditor's presence at a meeting closed for attorney-client communications. In our opinion, either subsection (1) or (2) of section 551.071 applies only if a governmental body conducts privileged attorney-client communications. As Attorney General Opinion JM-238 states, the exception permits a governmental body to conduct privileged communications with its attorney. *See* Tex. Att'y Gen. Op. No. JM-238 (1984) at 4. Since that opinion was issued, the substance of subsections (1) and (2) was separated when the statute was codified in 1993. *See* Act of May 4, 1993, 73d Leg., R.S., ch. 268, § 1, sec. 551.071, 1993 Tex. Gen. Laws 583, 589. Nevertheless, the codification was intended to be nonsubstantive, *see id.* § 47, 1993 Tex. Gen. Laws at 986, and we know of no reason why the separation of subsections (1) and (2) should be considered substantive. *See Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 286-87 (Tex. 1999) (suggesting that codification should be construed consistently with statutory predecessor unless codification's plain language cannot be reconciled with prior law). *But see* Tex. Att'y Gen. Op. No. JC-0233 (2000) at 3 (distinguishing between subsections (1) and (2), and observing that subsection (2) "incorporates the attorney-client privilege").

Conversely, neither subsection (a) nor subsection (b) of 551.071 applies if the governmental body's communications with its attorney are not privileged. None of our opinions specifically address how the evidentiary rule governing the attorney-client privilege, currently Texas Rules of Evidence 503, applies to a meeting closed under section 551.071 of the Government Code. *Cf. Markowski v. City of Marlin*, 940 S.W.2d 720, 726 (Tex. App.–Waco 1997, writ denied) (stating that when legislature enacted section 551.071, it "obviously" intended to permit governmental body to consult with its attorney without risking disclosure of "important confidential information"). Rule 503 generally provides a client with a privilege to refuse to disclose and to prevent another person from disclosing "confidential communications" made to facilitate rendering "professional legal services to the client":

A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client:

(A)    between the client or a representative of the client and the client's lawyer or a representative of the lawyer;

(B)    between the lawyer and the lawyer's representative;

(C)    by the client or a representative of the client, or by the client's lawyer or a representative of the lawyer, to a lawyer or a representative of a lawyer representing another party in a pending action and concerning a matter of common interest therein;

(D)    between representatives of the client or between the client and a representative of the client; or

(E)    among lawyers and their representatives representing the same client.

TEX. R. EVID. 503(b)(1). For the purposes of rule 503, a "client" is "a person, public officer, or corporation, association, or other organization or entity, either public or private," who receives "professional legal services" from a lawyer or who consults a lawyer "with a view to obtaining professional legal services from that lawyer." *Id.* 503(a)(1). A "representative of the client" is "a person" authorized "to obtain professional legal services" on the client's behalf; a person authorized to act on an attorney's advice on the client's behalf; or a person who, to effect "legal representation for the client, makes or receives a confidential communication while acting in the scope of employment for the client." *Id.* 503(a)(2). Finally, "[a] communication is 'confidential' if' the client does not intend to disclose it to a third person, other than a person to whom the client communicates to further "the rendition of professional legal services to the client" or a person "reasonably necessary" to transmit the communication. *Id.* 503(a)(5).

To a court reviewing whether information shared in a closed meeting is privileged under rule 503 of the Texas Rules of Evidence, the county auditor's presence in a meeting that was closed under section 551.071 of the Government Code may indicate, in some circumstances, that the county commissioners court did not intend its attorney-client communications to be confidential. *See* TEX. R. EVID. 503(a)(5) (defining "confidential" communication). For example, a Texas Court of Appeals determined in *Cameron County v. Hinojosa* that the attorney-client privilege did not apply to letters between the Cameron County computer department and the county attorney, even though the letters appeared to solicit or give legal advice, because the parties "routinely sent" copies of the letters "to the county personnel office, the county auditor's office, and the county judge's office." *Hinojosa*, 760 S.W.2d at 746. The *Hinojosa* plaintiff alleged that the computer department had wrongfully

terminated her and sought to discover the letters. *See id.* According to the court, the county's routine disclosure of copies of the letters to various county offices, including the county auditor, indicated that the letters were not privileged from discovery:

> The outside disclosure apparent on the face of the documents in the present case is some evidence either that the communications were never intended to be confidential, or that the privilege was waived by disclosure to third parties, and it tends to rebut the presumption of privilege that the documents themselves might otherwise create . . . . If anything in the documents themselves raises a question as to whether the privilege applies, we can no longer presume the documents to be privileged, but the existence of the privilege becomes a question of fact for the trial court, based on the documents and the circumstances under which the communications were made.

*Id.*

Consequently, with respect to including a nonmember such as the county auditor in a meeting closed to discuss pending litigation or a settlement offer under section 551.071 of the Government Code, we conclude that a commissioners court must consider three things: (1) whether the auditor's interests are adverse to the county's; (2) whether the county auditor's presence is necessary to the issues to be discussed; and (3) whether the court effectively may waive the attorney-client privilege by including the nonmember. Each of these three considerations requires the resolution of fact questions and cannot, therefore, be determined in the opinion process. *See, e.g.,* Tex. Att'y Gen. Op. Nos. JC-0032 (1999) at 4 (stating that question of fact is beyond purview of this office); JC-0027 (1999) at 3 (same); JC-0020 (1999) at 2 (same). Rather, the commissioners court, together with its attorney, must determine these questions in the first instance, subject to judicial review. We modify Attorney General Opinion JM-238 to the extent that it fails to consider the attorney-client privilege currently provided by rule 503 of the Texas Rules of Evidence.

We caution that a reviewing court may find that a commissioners court violated the Act if the court finds that communications that occurred in a meeting closed under section 551.071 were not privileged.

With respect to a meeting closed under either of the other exceptions you raise, section 551.072 or section 551.074, we conclude that a commissioners court may include a county auditor if the court finds that her interests are not adverse to the county's and that her participation is necessary to the specific issues to be deliberated. *Cf. Finlan v. City of Dallas,* 888 F. Supp. 779, 787 (N.D. Tex. 1995) (determining that governmental body could not permit person to attend meeting closed under section 551.072 to discuss real-estate transaction if person's interests are adverse to governmental body's). These issues are questions of fact that this office cannot resolve. *See* Tex. Att'y Gen. Op. No. JC-0434 (2001) at 7 (stating that this office cannot determine whether

medical care services are necessary because it is fact question); Tex. Att'y Gen. LO-98-120, at 1 n.1 (stating that whether gate is necessary for purposes of Transportation Code section 251.010 is question of fact). The commissioners court must determine both of these questions in the first instance, subject to judicial review. *See Markowski*, 940 S.W.2d at 727 (concluding that court may examine tape of closed meeting in camera to determine applicability of privilege). And, if a discussion convened under an exception other than section 551.071 also involves an attorney-client communication, the commissioners may wish to evaluate the auditor's presence in light of the attorney-client privilege.

We further consider how a commissioners court should decide whether a particular officer should be included in a closed meeting. We understand that the Smith County Judge believes the auditor's presence is necessary and does not violate the Act because the auditor is "the county's financial officer" and has "information and knowledge" about issues that may impact the county's budget. Request Letter, *supra* note 1, at 1. A county auditor has a duty to examine each claim, bill, or account for the county and to withhold payment until and unless he or she has approved the item, *see* TEX. LOC. GOV'T CODE ANN. § 113.064 (Vernon 1999); *Crider v. Cox*, 960 S.W.2d 703, 706 (Tex. App.–Tyler 1997, writ denied), and a county auditor has a duty to inform the commissioners court about the county's affairs. *See Comm'rs Court of Harris County v. Fullerton*, 596 S.W.2d 572, 578 (Tex. Civ. App.–Houston [1st Dist.]1980, writ ref'd n.r.e.) (quoting *Navarro County v. Tullos*, 237 S.W. 982, 986) (Tex. Civ. App.–Dallas 1922, writ ref'd)). Other members of the commissioners court, by contrast, believe that the auditor's presence is unnecessary to closed meetings and may violate the Act.[2] They contend that a commissioner who wishes the auditor's opinion on a particular issue should seek the auditor's opinion at another time:

> The Auditor's presence is not required to relay information to the Commissioners Court regarding insurance or budget allocations. That information is available to us at all times; it is our duty and obligation as elected officials to be informed and to evaluate the financial implications of any litigation or settlement offers.

Commissioner Emmert's Letter, *supra* note 2, at 2.

The court must determine the issue consistently with the Act. The commissioners court may take final action or vote on a matter "only . . . in an open meeting" and must deliberate in an open meeting, although it may discuss in a closed meeting a matter that is excepted from section 551.002's open-meetings requirement. TEX. GOV'T CODE ANN. § 551.102 (Vernon 1994); *see id.* ch. 551, subch. D (listing exceptions). We further believe that the commissioners court must evaluate the auditor's presence vis-à-vis each issue to be discussed in the closed meeting.

---

[2]*See* Letter from Honorable Sharon Emmert, Smith County Commissioner, to Honorable John Cornyn, Attorney General of Texas (Jan. 9, 200[2]) (on file with Opinion Committee) [hereinafter Commissioner Emmert's Letter].

Finally, you question whether a commissioners court, by not excluding the auditor from a closed meeting, has "in fact included" her. Request Letter, *supra* note 1, at 2. Common sense leads us to conclude that if the auditor has not been excluded, she has been included.

## S U M M A R Y

With respect to a meeting of a county commissioners court closed under section 551.071 of the Government Code to consult with the county's attorney regarding pending litigation or a settlement offer, the commissioners court may include the county auditor if the court determines that (1) the county auditor's interests are not adverse to the county's; (2) the county auditor's presence is necessary to the issues to be discussed; and (3) the county auditor's presence will not, in effect, waive the attorney-client privilege. *See* TEX. GOV'T CODE ANN. § 551.071 (Vernon 1994); TEX. R. EVID. 503. If a reviewing court concludes that the attorney-client privilege does not apply to an attorney-client consultation closed under section 551.071, it may also find that the commissioners court violated the Open Meetings Act. We modify Attorney General Opinion JM-238 to the extent that it does not consider the attorney-client privilege currently provided by rule 503 of the Texas Rules of Evidence. *See* Tex. Att'y Gen. Op. No. JM-238 (1984) at 2.

With respect to a meeting closed under an exception other than section 551.071, *see, e.g.*, TEX. GOV'T CODE ANN. §§ 551.072, 551.074 (Vernon 1994), a county commissioners court may include the county auditor if the court finds that the auditor's interests are not adverse to the county's and that her participation is necessary to the anticipated deliberation. If a discussion convened under an exception other than section 551.071 also involves an attorney-client communication, the commissioners may wish to evaluate the auditor's presence in light of the attorney-client privilege. All of these determinations require the commissioners court to resolve a number of fact issues, subject to review by a court.

The commissioners court should weigh the propriety of including the county auditor in a closed meeting consistently with the Open Meetings Act's open-meetings requirement and exceptions thereto.

If the county auditor is present during the open portion of a commissioners court meeting when the court announces that it will proceed into a closed meeting and the commissioners do not exclude the auditor, the court has included the auditor in its closed meeting.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee